UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STACEY BRADDY, Individually, and on
Behalf of All Others Similarly Situated,

      Plaintiff,

                                    Case No.

v.

JAMES T. ROBINSON d/b/a BOOBY
TRAP LOUNGE a/k/a THE TRAP
LOUNGE,

      Defendant.

_____/

## PLAINTIFF'S CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### I.      SUMMARY

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

Likewise, the citizens of Florida passed Article X, Section 24, because "[a]ll working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage

competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." *See* Article X, Section 24(a).

1.      This case concerns an adult entertainment club which goes by the trade name of "The Trap Lounge."  The entities and employers implicated are James T. Robinson, its owner and operator ("Defendant")..

2.      Defendant has a longstanding policy of misclassifying his employees as independent contractors.

3.      Defendant required and/or permitted Plaintiff Stacey Braddy ("Plaintiff") to work as an exotic "entertainer" and/or dancer at his adult entertainment club in excess of forty (40) hours per week, but refused to compensate her at the applicable minimum wage and overtime rate.  In fact, Defendant refused to compensate Plaintiff at all for the hours she worked. Plaintiff's only compensation was in the form of tips from club patrons.

4.      Defendant's conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

5.      Furthermore, Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendant's practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

6.      Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendant who worked at The Trapp Lounge in Miami, Florida, at any time during the three year period before this Complaint was filed up to the present ("Class Members").  These Class Members should be informed of the

pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

7.      Likewise, Defendant's practice of failing to pay tipped employees at least the minimum wage each hour/week is in violation of Article X, Section 24 of the Florida Constitution.

8.      Thus, Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former "entertainer" employees of the Defendant, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendant for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## II.      SUBJECT MATTER JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

11.      This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

12.      This Court also has original jurisdiction over Plaintiff's Florida Minimum Wage Claims pursuant to 28 U.S.C. § 1332(d) ("CAFA"), because there is diversity between the Defendant and at least one Plaintiff and/or member of the putative class, the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and the putative class exceeds one hundred members in number.

13.     Venue is proper in the Southern District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendant's principle place of business is located in this District.  In particular, Defendant's principle place of business is located at 14956 S River Drive, Miami, FL 33167.  Also, Plaintiff worked at Defendant's club, located at 13690 NW 7th Avenue, Miami, FL 33101 over extended periods of time.

**PARTIES AND PERSONAL JURISDICTION**

14.     At all times relevant hereto, Plaintiff Stacey Braddy was an individual residing in Miami-Dade County, Florida.  Plaintiff's written consent to this action is attached hereto as **EXHIBIT A.**

15.     The Members of the FLSA Collective Action are all of Defendant's current and former exotic entertainers who worked at The Trap Lounge at any time during the three (3) years prior to the filing of this Complaint up to the present, who elect to file a consent to join in this action.

16.     The Florida Minimum Wage Claim Class Members are all of Defendant's current and former exotic entertainers who worked at The Trap Lounge at any time during the five (5) years prior to the filing of this Complaint until the present and continuing.

17.     Defendant James T. Robinson is an individual residing in Florida.  Said Defendant may be served with process at 14956 S River Drive, Miami, FL 33167 and/or 13690 NW 7th Avenue, Miami, FL 33101.  This Court has personal jurisdiction over this Defendant because he is a resident of Florida.

**III.     FLSA COVERAGE**

18.     In an FLSA case, the following elements must be met.  "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo*

4

*Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

## EMPLOYMENT RELATIONSHIP

19.    "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.* (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

20.    Here, Defendant had the power to hire and fire Plaintiff.

21.    Defendant controlled Plaintiff's work schedule.

22.    Defendant scheduled Plaintiff and other entertainers to certain shifts.

23.    Defendant required Plaintiff and other entertainers to work a certain number of days during the week.

24.    Defendant required Plaintiff and other dancers to wear certain clothing.

25.    Defendant determined the rate and the method of payment of all dancers including Plaintiff.

26.    Defendant set the price for his customers to pay dancers for "side dances" and "lap dances."

27.    Additionally, Defendant required Plaintiff and all other entertainers to pay "house fees" depending on the day and shift the dancer was working.

28.    Plaintiff and all other entertainers were required to tip out the DJ at the end of their shift.

29.    Entertainers are an integral part of Defendant's strip club.

30. Plaintiff's and all other entertainers' job duties consisted of dancing in designated areas and performing dances for Defendant's customers at the club. These job duties require little to no skill. [1]

31. Defendant maintained some records regarding the time Plaintiff and all other entertainers arrived and left the club, but failed to maintain full and accurate time records in contravention of the FLSA's recordkeeping requirement.

32. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

33. Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

34. The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id.*; *Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 971-72 (5th Cir. 1984).

---

[1] *See Freund v. Hi-Tech Satellite, Inc.,* 185 Fed. Appx. 782, 783 (11th Cir. 2006) ([C]ourts must determine whether, as a matter of economic realit[y], an individual is an employee or an independent contractor in business for himself. Several factors guide this inquiry: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business.") (internal citations omitted); *see also*, *Clincy v. Galardi S. Enterprises, Inc.,* 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (applying economic reality test and finding exotic dancers were employees not independent contractors).

35.     Defendant James T. Robinson is the Owner of Booby Trap Lounge a/k/a The Trap Lounge.

36.     Defendant James T. Robinson is involved in the day-to-day business operation of The Trap Lounge.

37.     Defendant James T. Robinson has responsibility for the supervision of the entertainers at The Trap Lounge.

38.     Defendant James T. Robinson is responsible for the compensation or lack thereof paid to entertainers at The Trap Lounge.

39.     Defendant James T. Robinson has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

40.     Additionally, Defendant James T. Robinson was responsible for the day-to-day affairs of the club.  In particular, he was responsible for determining whether the club complied with the Fair Labor Standards Act.

41.     Defendant James T. Robinson controlled the nature, pay structure, and employment relationship of the Plaintiff and Class Members.

42.     As such, Defendant James T. Robinson is the employer of the Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and are jointly, severally, and liable for all damages.

**ENTERPRISE AND INDIVIDUAL COVERAGE**

43.      "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634-

CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)).  "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)).  "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id.*  (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

44.    At all material times, Defendant has been doing business as an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

45.    At all material times, Defendant has been doing business as an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because he has had employees engaged in commerce.  29 U.S.C. § 203(s)(1).

46.    Specifically, Defendant's employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendant's patrons.  Additionally, Defendant's employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendant's business operations.

47.    Defendant advertises on the internet and processes credit cards from out of state patrons.

48.    Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.00 per annum.

49.    At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

## WAGE VIOLATIONS

50.     Defendant misclassified Plaintiff and all other entertainers as independent contractors.

51.     Defendant failed to pay Plaintiff and all other entertainers he hires any compensation whatsoever.

52.     The money Plaintiff received directly from Defendant's customers was tips.

53.     Defendant siphoned Plaintiff's and all other entertainers' tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

## IV.    FACTS

54.     Plaintiff and Class Members have all been victimized by Defendant's common policy and plan to violate their rights under the FLSA and Article X, Section 24 of the Florida Constitution and by denying them minimum wage, proper overtime, and the tips they lawfully earned.

55.     Defendant operates an adult entertainment club at 13690 NW 7th Avenue, Miami, FL under the name of "The Trap Lounge."

56.     Defendant employs exotic entertainers at The Trap Lounge.

57.     Plaintiff Stacey Braddy is a former exotic entertainer at Defendant's adult entertainment club The Trap Lounge in Miami, FL.

58.     Plaintiff worked on a regular basis for Defendant's club.

59.     From approximately January, 2012 until April, 2017, Plaintiff Stacey Baddy danced at The Trap Lounge in Miami, Florida.

60.     Therefore, Plaintiff Stacey Baddy has first-hand personal knowledge of the pay violations at The Trap Lounge.

61.     All exotic entertainers including Plaintiff are compensated exclusively through

9

tips received from Defendant's customers.

62.    Defendant did not pay the entertainers any compensation for any hours worked at his establishment.

63.    Defendant charged the entertainers certain fees per shift worked.

64.    Defendant charged the entertainers a "house fee" depending on the time they arrive to work.

65.    Defendant also required the entertainers to share their tips with employees who do not customarily and regularly receive tips.

66.    Defendant illegally classified the entertainers as independent contractors. However, at all times, the entertainers were employees of Defendant as that term is defined by the FLSA and relevant case law.

67.    Defendant hired, fired and supervised the entertainers.  Defendant also set the schedule for the entertainers. Defendant controlled the details of the entertainers' jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

68.    Defendant also controlled the entertainers' appearances with respect to their attire and makeup.

69.    Defendant disciplined the entertainers for not following club rules.

70.    Defendant tracked the time and days the entertainers worked just as is common for typical employer-employee relationships.

71.    In addition, Defendant instructed the entertainers about when, where, and how the entertainers were to perform their work.

72.    The following further facts demonstrate the entertainers' status as employees:

   a)    Defendant had the sole right to hire and fire the entertainers;

b)     Defendant required dancers to complete an employee application as a prerequisite to their employment;

c)     Defendant made the decision not to pay overtime;

d)     Defendant made the decision not to compensate at the FLSA minimum wage rate;

e)     Defendant provided the entertainers with music equipment and a performing stage;

f)     Defendant controlled the entertainers' music;

g)     The dancers have made no financial investment with Defendant's business;

h)     The dancers were hired as permanent employees and have worked for Defendant for years;

i)     Defendant supervised the entertainers; and

j)     Defendant scheduled entertainers and as such had sole control over their opportunity for profit.

73.    Defendant misclassified Plaintiff and Class Members as independent contractors to avoid his obligations to pay them pursuant to the FLSA and Article X, Section 24 of the Florida Constitution.

74.    Plaintiff and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA or Article X, Section 24 of the Florida Constitution.

75.    Although Plaintiff and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek. In fact, they receive no compensation whatsoever from Defendant and thus, Defendant violates the minimum wage

requirement of the FLSA and Article X, Section 24 of the Florida Constitution.. *See* 29 U.S.C. § 206.

76.     Defendant's method of paying Plaintiff in violation of the FLSA and Article X, Section 24 of the Florida Constitution was willful and was not based on a good faith and reasonable belief that his conduct complied with the FLSA or Article X, Section 24 of the Florida Constitution.

77.     Defendant misclassified Plaintiff with the intent to avoid paying her in accordance to the FLSA and Article X, Section 24 of the Florida Constitution.

78.     Defendant has been in the exotic dancing industry for years and is familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA.

79.     Further, at all material times, Defendant has operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendant performs related activities through a unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

80.     Defendant keeps employment records for The Trap Lounge.

81.     Defendant has ultimate authority regarding hiring and firing employees at The Trap Lounge.

82.     Defendant owns and operates The Trap Lounge.

83.     Defendant created and implemented the companywide policy of misclassifying exotic entertainers as independent contractors at The Trap Lounge.

84.     Defendant operates a strip club under the assumed name "The Trap Lounge." Indeed, he advertises as such on various websites.

12

## V.  COUNT ONE: VIOLATION OF 29 U.S.C. § 207

85.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

86.     Defendant's practice of failing to pay Plaintiff and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

87.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## VI.  COUNT TWO: VIOLATION OF 29 U.S.C. § 206

88.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

89.     Defendant's practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.  In fact, Defendant does not compensate the exotic entertainers whatsoever for any hours worked.

90.      None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant or Plaintiff.

91.     Defendant failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

92.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

  a)  The time of day and day of week on which the employees' work week begins;

  b)  The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c)      An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d)      The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e)      The hours worked each workday and total hours worked each work week;

f)      The total daily or weekly straight time earnings or wages due for hours worked during the workday or work week, exclusive of premium overtime compensation;

g)      The total premium for overtime hours.  This amount excludes the straight-time earnings for overtime hours recorded under this section;

h)      The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i)      The dates, amounts, and nature of the items which make up the total additions and deductions;

j)      The total wages paid each pay period; and

k)      The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

93.    Defendant has not complied with federal law and has failed to maintain such records with respect to Plaintiff and Class Members.  Because Defendant's records are inaccurate and/or inadequate, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a

matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

## VII.   COUNT THREE: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

94.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

95.     Plaintiff and those similarly situated employees are/were entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendant.

96.     Specifically, Plaintiff and those similarly situated employees were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

97.     Defendant willfully failed to pay Plaintiff and those similarly situated employees, minimum wages for one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

98.     Although such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bringing his claim pursuant to Article X, Section 24 of the Florida Constitution.

99.     Specifically, on February 7, 2019, Plaintiff served Defendant with a Notice pursuant to Fla. Stats. § 448.110, on behalf of herself, and those similarly situated to Plaintiff.  A copy of Plaintiff's Notice Letter is attached hereto as **EXHIBIT B**.

100.    More than 15 days have elapsed since Plaintiff's service of her Notice on Defendant, and Defendant has failed to make payment to Plaintiff.

101.    As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

102.    Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

103.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

### VIII.   COLLECTIVE ACTION ALLEGATIONS

104.    As part of his regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

105.    Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.  Defendant has also denied them full compensation at the federally mandated minimum wage rate.

106.     Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as exotic entertainers under the same conditions and subject to the same violations of the FLSA.

107.    Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

108.    Defendant has classified and continues to classify Class Members as independent contractors.

109.     Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

110.     As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

111.     Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

112.     The experience of Plaintiff, with respect to her pay, is typical of the experiences of Class Members.

113.     The experience of Plaintiff, with respect to her job duties, is typical of the experiences of Class Members.

114.     The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

115.     All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

116.     All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

117.     Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

118.     The Plaintiff and the Class Members held the same job title: Dancers and/or Entertainers.

119.     The Defendant has classified all of its entertainers as independent contractors from at least January, 2012.

120.     Defendant instituted, permitted, and/or required the policy and practice of classifying all exotic entertainers at The Trap Lounge.

121.    Defendant instituted, permitted, and/or required the policy and practice of charging all exotic entertainers at The Trap Lounge a house fee.

122.    Defendant instituted, created, and/or permitted the policy and practice of requiring all dancers and/or exotic entertainers at The Trap Lounge to tip out the DJ.

123.    As such, the class of similarly situated Plaintiff is properly defined as follows:

**The FLSA Collective Members are all of Defendant's current and former exotic entertainers who worked at The Trap Lounge at any time during the three years before this Complaint was filed up to the present.**

## IX.    FLORIDA CLASS ACTION ALLEGATIONS

124.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and  (b)(3) of the Federal Rules of Civil Procedure.

125.    Plaintiff brings her Florida Minimum Wage Claims on behalf of all persons who were employed by Defendant at any time since January 2012, to the entry of judgment in this case (the "Florida Class Period"), who were "entertainer" employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Florida Class").

126.    The persons in the Florida Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are between 100 and 200 members of the Class during the Class Period.

127.    The claims of Plaintiff are typical of the claims of the Florida Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the

financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

128.    The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

129.    Specifically, Defendant illegally misclassified all of his exotic entertainer employees, including Plaintiff, as independent contractors and failed to pay them minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

130.    Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.   Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members.   Accordingly, the "Florida Class Members" are properly defined as:

> **All of Defendant's current and former exotic entertainers who worked at The Trapp Lounge at any time during the five (5) years before this Complaint was filed up to the present.**

131.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

132.    Plaintiff has the same interests in this matter as all other members of the Florida class and Plaintiff's claims are typical of the Florida Class.

133.    There are questions of law and fact common to the Florida Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

        a)    whether the Defendant employed the members of the Florida Class within the meaning of Article X, Section 24 of the Florida Constitution;

b)      whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Florida Class;

c)      what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d)      whether Defendant misclassified his exotic entertainer employees as independent contractors;

e)      whether Defendant failed and/or refused to pay the members of the Florida Class at least the Florida Minimum Wage in one of more workweeks;

f)      whether Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

g)      whether the Defendant should be enjoined from such violations of Article X Section 24 of the Florida Constitution in the future.

## **DAMAGES SOUGHT**

134.    Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

135.    Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

136.    Plaintiff and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken.  Without repayment of such fees, Plaintiff and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

137.    Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

138.    Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

## X.    JURY DEMAND

139.    Plaintiff and Class Members hereby demand trial by jury.

## PRAYER

For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a)      Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b)      Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

c)      Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d)      Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

e)      All unpaid wages at the FLSA mandated minimum wage rate;

f)      All unpaid wage at the Florida mandated minimum wage rate;

g)      All misappropriated tips;

h)      All misappropriated funds that were labeled as fees or otherwise;

i)      An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

j)      An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

k)      Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

l)      Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Dated: December 13, 2019                    Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: (954) WORKERS
Fax: (954) 327-3013
E-mail: afrisch@forthepeople.com

*Attorney for Plaintiff & Class Members*