STACEY BRADDY,

     Plaintiff,

v.

JAMES T. ROBINSON,

     Defendant.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Plaintiff, Stacy Braddy's, ("Plaintiff") Motion for Service by Publication, ECF No. [7]. The Court has considered the Motion, the record in the case, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

The Motion represents that Plaintiff has been unable to successfully serve Defendant, James T. Robinson, d/b/a Booby Trap Lounge a/k/a The Trap Lounge ("Defendant"). The Motion and its supporting attachments suggest that Defendant is intentionally dodging service and that Plaintiff has not been able to serve Defendant despite her best efforts and due diligence. *See generally id.* Plaintiff, therefore, posits that the time has come for service by publication. *Id.*

In support of the Motion, Plaintiff attaches the Declaration of Andrew R. Frisch for Service by Publication ("Declaration"), ECF No. [7-1]. The Declaration states that Defendant "cannot be found within this state for service of summons" and that Defendant is "actively avoiding service at his place of residence and place of business." *Id.* The Declaration further explains that Plaintiff initially filed suit on July 18, 2019, but that case was dismissed on October 24, 2019 for failure to serve the complaint in compliance with Fed. R. Civ. P. 4(m). *See id.* at Ex. G. On November 25, 2019, another court in this district granted Plaintiff the right to file a new complaint that would be

randomly assigned to a judge. *Id.* at Ex. H. The operative complaint was filed on December 13, 2019. ECF No. [1].

While the initial complaint was pending, Plaintiff made several efforts to serve Defendant at his purported residence address and at the location for the Booby Trap Lounge. In particular, Plaintiff attempted service at 14956 South River Drive, Miami, Florida 33167, the supposed residence, in August, September, and October 2019. *See* ECF No. [7-1]. Plaintiff also attempted service at the Booby Trap Lounge located at 13690 N.W. 7th Avenue, Miami, Florida 33101 on October 9 and 10, 2019 but the "business was closed." *See id.* at Ex. E.[1] The Declaration further notes that a blue van with auto tag number BYVZ93 located at Defendant's supposed residence traced back to Robinson Air Crane Inc. *See id.* at Ex. F.[2] Defendant is listed as the registered agent for that company whose principal address is 14956 South River Drive, Miami, Florida 33167.

Since the operative complaint was filed on December 13, 2019, ECF No. [1], which generates a service deadline of March 12, 2020, ECF No. [6], Plaintiff has attempted service only a handful of times. Specifically, Plaintiff mailed a waiver of service to Defendant's "last known home address," which was delivered on January 6, 2020, *see* ECF No. [7-1] at Ex. I, attempted service at the residence twice in January 2020, *id.* at Ex. J, and attempted service once at the Booby Trap Lounge on January 14, 2020. *Id.* at Ex. K. According to the process server, the Booby Trap Lounge had locked doors and "look[ed] vacant." *Id.*

With this background, the Court will address Plaintiff's arguments.

---

[1] The Court acknowledges the Sunbiz.org and myfloridalicense.com documents list Defendant as the owner of the Booby Trap Lounge and the mailing address at 14956 South River Drive, Miami, Florida 33167. ECF No. [7-1] at Ex. D.

[2] Plaintiff does not attach any evidence, such as vehicle registration or Department of Highway Safety and Motor Vehicles records, to support that the vehicle belongs to Defendant other than an email from the process server. ECF No. [7-1] at Ex. F.

Federal Rule of Civil Procedure 4(e) provides that "an individual . . . may be served in a judicial district of the United States by . . . following the state law for serving a summons in an action . . . where the district court is located or where service is made." Under the Florida Rules of Civil Procedure, "[s]ervice of process by publication may be made as provided by statute." Fla. R. Civ. P. 1.070(d).

In Florida, service by publication is permitted only in a limited set of circumstances. *See* Fla. Stat. § 49.011. As a condition precedent to service by publication, a plaintiff or plaintiff's attorney or agent shall file a statement setting forth: (1) that a diligent search and inquiry have been made to discover the name and residence of such person; (2) whether such person is over or under the age of 18 years; and (3) that the residence of such person is: (a) unknown to the affiant; or (b) in some state or country other than this state; or (c) in the state, but that he or she has been absent from the state for more than 60 days. Fla. Stat. §§ 49.031; 49.041.

"[B]ecause the lack of personal service implicates due process concerns, a plaintiff must strictly comply with the statutory requirements." *Redfield Investments, A.V.V. v. Vill. of Pinecrest*, 990 So. 2d 1135, 1138 (Fla. 3d DCA 2008). The Court therefore "has the duty to determine not only whether the affidavit of search is legally sufficient, but also whether the plaintiff conducted an adequate search to locate the defendant." *Id.*

The Motion falls short on both ends. Given the significant due process concerns and the record presented, the Court finds that Plaintiff's attempts to locate Defendant insufficient to permit service by publication. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950) ("Certainly the proceeding is one in which [defendants] may be deprived of property rights and hence notice and hearing must measure up to the standards of due process."). Although the Court acknowledges Plaintiff's frustrations, it will not grant the relief requested because the Motion is procedurally deficient and substantively unwarranted.

Regarding the procedural aspect, the Declaration—which is ostensibly made under penalty of perjury and pursuant to 28 U.S.C. § 1746—is incompetent evidence. It is neither signed nor dated by Andrew R. Frisch, the alleged declarant. These critical omissions run afoul of the statute. *See* 28 U.S.C. § 1746 (requiring that the declaration be in writing, signed, and dated). The Motion, thus, is properly denied on that basis alone. *See Udoinyion v. The Guardian Sec.*, 440 F. App'x 731, 735 (11th Cir. 2011) (explaining that unsigned documents do not satisfy the standard for unsworn declarations under 28 U.S.C. § 1746); *Adriana Ifergane, Plaintiff, v. Pascal Fratellini & Scott Holland Defendants.*, No. 19-21123-CIV, 2020 WL 248969, at *2 n.2 (S.D. Fla. Jan. 16, 2020) (declining to consider declaration that was neither signed nor dated when evaluating motion); *Gould v. Fla. Atl. Univ. Bd. of Trustees*, No. 10-81210-CIV, 2011 WL 13227928, at *2 (S.D. Fla. Oct. 25, 2011) (ruling that declaration was invalid because it was unsigned and undated) (collecting cases).

Regarding the substantive component, the Motion does not demonstrate that a diligent search has been made in order to effectuate service upon the Defendant. First, Plaintiff has not provided the Court with competent evidence to determine if Plaintiff is in fact serving Defendant at his residence. The only evidence before the Court indicating that Plaintiff resides at 14956 South River Drive, Miami, Florida is an affidavit of service dated September 6, 2019 that noted that the "guy that does the lawn" informed the process server that Defendant "lives in the back house with a blue [v]an[.]" ECF No. [7-1] at Ex. C. Apart from this, the record does not contain any address that indicates it is Defendant's residence, and no records regarding the vehicle's title have been presented. Second, the Court notes that although a waiver of service was delivered to the supposed residence by priority mail, no signed return receipt was provided indicating that the mail was accepted. That waiver of service correspondence was not even transmitted to the Booby Trap Lounge location. Third, only three attempts to serve Defendant by personal service have

been made since December 13, 2019, when the operative complaint was filed. Moreover, the Motion is entirely unclear whether Defendant remains in the state, and if not, where Plaintiff intends to publish the requested notice. Indeed, the Court has not been provided with a list of possible alternative geographic locations where Defendant may be within or outside Florida.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Service by Publication, ECF No. [7], is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on January 21, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record