# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STACY BRADDY,
Individually and on behalf of
all others similarly situated,

      Plaintiff,                      Case No. 1:19-cv-25140-BLOOM/Louis

v.

JAMES T. ROBINSON, d/b/a
BOOBY TRAP LOUNGE a/k/a THE
TRAP LOUNGE

      Defendants.

_____/

## DECLARATION OF ANDREW R. FRISCH FOR SERVICE BY PUBLICATION

I, ANDREW FRISCH, declare under penalty of perjury and pursuant to 28 U.S.C. §1746 as follows:

1.      I am over the age of eighteen years old. I make these statements in the State of Florida, from personal knowledge and under penalty of perjury.

2.      I have direct knowledge pertaining to the above-styled action and more particularly to the fact that Defendant, JAMES T. ROBINSON, cannot be found within this state for service of summons.  A claim exists against Mr. Robinson in respect to which the service is to be made, and that he is a necessary and proper party to this action. *See* **Exhibit A**.

3.      Mr. Robinson cannot be found within this state and I believe that Defendant is actively avoiding service at his place of residence and place of business.

4.      I have made a diligent effort to locate Mr. Robinson as follows:

    a)      On July 18, 2019, Plaintiff filed her initial Complaint. *See* **Exhibit B**.

b)      On August 6, 2019, TSI, Inc. was retained to serve the Summons and complaint on Defendant, JAMES T. ROBINSON. *See* **Exhibit C**.

c)      On August 13, August 22, August 23, 2019, TSI, Inc. attempted service at Mr. Robinson's last known address listed in Sunbiz.org and myfloridalicense.com, 14956 South River Drive, Miami, FL 33167 and there was no one home. *See* Exhibit C and **Exhibit D,** respectively.

d)      Service was again attempted on September 3, 2019 at which time no one was home and the process server left notice taped on the gate. *See* Exhibit C.

e)      On September 6, 2019, TSI, Inc. again attempted to serve Mr. Robinson at his last known address. The process server noted that the notice previously taped to the gate was gone, no one was home and again notice was left. As the process server was leaving, he met a lawn service guy who said that James Robinson lives in the back house where a blue van was parked, tag number BYVZ93. The process server tried the front door at the back house and no one answered. While the process server was there, a UPS driver delivered a package to the front house to someone named Anthony Robinson. *See* Exhibit C.

f)      On September 25, 2019, counsel for Plaintiff retained OJF Services to attempt service.

g)      Thereafter, OJF unsuccessfully attempted service at this address on September 27, October 2, October 4, October 5, and October 8, 2019. *See* **Exhibit E.**

h)      On October 9, 2019, OJF unsuccessfully attempted service at the Trap Lounge, 13690 N.W. 7th Avenue, Miami, FL 33167. *See* Exhibit E.

i)      On October 9, 2019, Counsel for Plaintiff discovered that the blue

van belonged to Robinson Air Crane, 14956 South River Drive, Miami, FL 33167, James T. Robinson, President and Anthony J. Robinson, Vice President. *See* **Exhibit F.**

5.    On October 10, 2019, Plaintiff filed a Motion for Service by Publication and Extension of Time to Publish with Memorandum of Law in Support Thereof which the Court Denied on October 24, 2019. *See* **Exhibit G.**

6.    Thereafter, on October 29, 2019, Plaintiff filed a Motion for Relief From and Clarification of the Court's Order, which the Court denied, dismissing the case without prejudice, on October 29, 2019. *See* **Exhibit H.**

7.    On December 13, 2019, Plaintiff filed the instant claim [D.E. 1].

8.    On January 2, 2020, Plaintiff's counsel retained OJF Services to attempt service.

9.    Additionally, on January 3, 2020, Plaintiff Priority Mailed a Waiver of Service to Defendant JAMES T, ROBINSON at his last known home address which was confirmed delivered on January 6, 2020. *See* **Exhibit I**.

10.   OJF Services attempted service at James T. Robinson's last known address, 14956 South River Drive, Miami, FL 33167 on January 7, January 9, January 11, January 13, January 17, January 20, January 23, January 25, January 27, February 6, February 12, February 15, February 18, and February 25, 2020. *See* **Exhibit J.**

11.   On January 14 and January 30, 2020, OJF Services attempted service at the Booby Trap, 13690 NW 7th Avenue, Miami FL 33168 and the business appeared to be vacant. *See* **Exhibit J**.

12.   On February 13, 2020, U Got Served, LLC was retained to serve the Summons and complaint on Defendant, JAMES T. ROBINSON. *See* **Exhibit K**.

Based upon the information outlined above and the number of unsuccessful service attempts made on JAMES T. ROBINSON, it appears that Mr. Robinson is actively avoiding service.

Under penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true.

Executed this _12TH_ day of March, 2020 in Plantation, Florida.

By: _____
Andrew R. Frisch

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STACEY BRADDY, Individually, and on
Behalf of All Others Similarly Situated,

      Plaintiff,

                                  Case No.

v.

JAMES T. ROBINSON d/b/a BOOBY
TRAP LOUNGE a/k/a THE TRAP
LOUNGE,

      Defendant.

_____/

## PLAINTIFF'S CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### I.      SUMMARY

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a). To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207. These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

Likewise, the citizens of Florida passed Article X, Section 24, because "[a]ll working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage

competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." *See* Article X, Section 24(a).

1.    This case concerns an adult entertainment club which goes by the trade name of "The Trap Lounge." The entities and employers implicated are James T. Robinson, its owner and operator ("Defendant")..

2.    Defendant has a longstanding policy of misclassifying his employees as independent contractors.

3.    Defendant required and/or permitted Plaintiff Stacey Braddy ("Plaintiff") to work as an exotic "entertainer" and/or dancer at his adult entertainment club in excess of forty (40) hours per week, but refused to compensate her at the applicable minimum wage and overtime rate. In fact, Defendant refused to compensate Plaintiff at all for the hours she worked. Plaintiff's only compensation was in the form of tips from club patrons.

4.    Defendant's conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

5.    Furthermore, Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendant's practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

6.    Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendant who worked at The Trapp Lounge in Miami, Florida, at any time during the three year period before this Complaint was filed up to the present ("Class Members"). These Class Members should be informed of the

2

pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

7.      Likewise, Defendant's practice of failing to pay tipped employees at least the minimum wage each hour/week is in violation of Article X, Section 24 of the Florida Constitution.

8.      Thus, Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former "entertainer" employees of the Defendant, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendant for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## II.      SUBJECT MATTER JURISDICTION AND VENUE

9.      This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

11.      This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

12.      This Court also has original jurisdiction over Plaintiff's Florida Minimum Wage Claims pursuant to 28 U.S.C. § 1332(d) ("CAFA"), because there is diversity between the Defendant and at least one Plaintiff and/or member of the putative class, the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and the putative class exceeds one hundred members in number.

13.     Venue is proper in the Southern District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendant's principle place of business is located in this District.  In particular, Defendant's principle place of business is located at 14956 S River Drive, Miami, FL 33167.  Also, Plaintiff worked at Defendant's club, located at 13690 NW 7th Avenue, Miami, FL 33101 over extended periods of time.

## PARTIES AND PERSONAL JURISDICTION

14.     At all times relevant hereto, Plaintiff Stacey Braddy was an individual residing in Miami-Dade County, Florida.  Plaintiff's written consent to this action is attached hereto as **EXHIBIT A.**

15.     The Members of the FLSA Collective Action are all of Defendant's current and former exotic entertainers who worked at The Trap Lounge at any time during the three (3) years prior to the filing of this Complaint up to the present, who elect to file a consent to join in this action.

16.     The Florida Minimum Wage Claim Class Members are all of Defendant's current and former exotic entertainers who worked at The Trap Lounge at any time during the five (5) years prior to the filing of this Complaint until the present and continuing.

17.     Defendant James T. Robinson is an individual residing in Florida.  Said Defendant may be served with process at 14956 S River Drive, Miami, FL 33167 and/or 13690 NW 7th Avenue, Miami, FL 33101.  This Court has personal jurisdiction over this Defendant because he is a resident of Florida.

## III.     FLSA COVERAGE

18.     In an FLSA case, the following elements must be met.  "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo*

*Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

## EMPLOYMENT RELATIONSHIP

19.    "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.* (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

20.    Here, Defendant had the power to hire and fire Plaintiff.

21.    Defendant controlled Plaintiff's work schedule.

22.    Defendant scheduled Plaintiff and other entertainers to certain shifts.

23.    Defendant required Plaintiff and other entertainers to work a certain number of days during the week.

24.    Defendant required Plaintiff and other dancers to wear certain clothing.

25.    Defendant determined the rate and the method of payment of all dancers including Plaintiff.

26.    Defendant set the price for his customers to pay dancers for "side dances" and "lap dances."

27.    Additionally, Defendant required Plaintiff and all other entertainers to pay "house fees" depending on the day and shift the dancer was working.

28.    Plaintiff and all other entertainers were required to tip out the DJ at the end of their shift.

29.    Entertainers are an integral part of Defendant's strip club.

30.     Plaintiff's and all other entertainers' job duties consisted of dancing in designated areas and performing dances for Defendant's customers at the club.  These job duties require little to no skill. [1]

31.     Defendant maintained some records regarding the time Plaintiff and all other entertainers arrived and left the club, but failed to maintain full and accurate time records in contravention of the FLSA's recordkeeping requirement.

32.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

33.     Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

34.     The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id*.; *Reich v. Circle C. Investments, Inc*., 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co*., 747 F.2d 966, 971-72 (5th Cir. 1984).

---

[1] *See Freund v. Hi-Tech Satellite, Inc.,* 185 Fed. Appx. 782, 783 (11th Cir. 2006) ([C]ourts must determine whether, as a matter of economic realit[y], an individual is an employee or an independent contractor in business for himself. Several factors guide this inquiry: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business.") (internal citations omitted); *see also*, *Clincy v. Galardi S. Enterprises, Inc.,* 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (applying economic reality test and finding exotic dancers were employees not independent contractors).

35.     Defendant James T. Robinson is the Owner of Booby Trap Lounge a/k/a The Trap Lounge.

36.     Defendant James T. Robinson is involved in the day-to-day business operation of The Trap Lounge.

37.     Defendant James T. Robinson has responsibility for the supervision of the entertainers at The Trap Lounge.

38.     Defendant James T. Robinson is responsible for the compensation or lack thereof paid to entertainers at The Trap Lounge.

39.     Defendant James T. Robinson has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

40.     Additionally, Defendant James T. Robinson was responsible for the day-to-day affairs of the club.  In particular, he was responsible for determining whether the club complied with the Fair Labor Standards Act.

41.     Defendant James T. Robinson controlled the nature, pay structure, and employment relationship of the Plaintiff and Class Members.

42.     As such, Defendant James T. Robinson is the employer of the Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and are jointly, severally, and liable for all damages.

## ENTERPRISE AND INDIVIDUAL COVERAGE

43.     "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634-

7

CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id.* (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

44.    At all material times, Defendant has been doing business as an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

45.    At all material times, Defendant has been doing business as an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because he has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

46.    Specifically, Defendant's employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendant's patrons. Additionally, Defendant's employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendant's business operations.

47.    Defendant advertises on the internet and processes credit cards from out of state patrons.

48.    Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.00 per annum.

49.    At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

8

## WAGE VIOLATIONS

50.     Defendant misclassified Plaintiff and all other entertainers as independent contractors.

51.     Defendant failed to pay Plaintiff and all other entertainers he hires any compensation whatsoever.

52.     The money Plaintiff received directly from Defendant's customers was tips.

53.     Defendant siphoned Plaintiff's and all other entertainers' tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

### IV.     FACTS

54.     Plaintiff and Class Members have all been victimized by Defendant's common policy and plan to violate their rights under the FLSA and Article X, Section 24 of the Florida Constitution and by denying them minimum wage, proper overtime, and the tips they lawfully earned.

55.     Defendant operates an adult entertainment club at 13690 NW 7th Avenue, Miami, FL under the name of "The Trap Lounge."

56.     Defendant employs exotic entertainers at The Trap Lounge.

57.     Plaintiff Stacey Braddy is a former exotic entertainer at Defendant's adult entertainment club The Trap Lounge in Miami, FL.

58.     Plaintiff worked on a regular basis for Defendant's club.

59.     From approximately January, 2012 until April, 2017, Plaintiff Stacey Baddy danced at The Trap Lounge in Miami, Florida.

60.     Therefore, Plaintiff Stacey Baddy has first-hand personal knowledge of the pay violations at The Trap Lounge.

61.     All exotic entertainers including Plaintiff are compensated exclusively through

tips received from Defendant's customers.

62.    Defendant did not pay the entertainers any compensation for any hours worked at his establishment.

63.    Defendant charged the entertainers certain fees per shift worked.

64.    Defendant charged the entertainers a "house fee" depending on the time they arrive to work.

65.    Defendant also required the entertainers to share their tips with employees who do not customarily and regularly receive tips.

66.    Defendant illegally classified the entertainers as independent contractors. However, at all times, the entertainers were employees of Defendant as that term is defined by the FLSA and relevant case law.

67.    Defendant hired, fired and supervised the entertainers.  Defendant also set the schedule for the entertainers. Defendant controlled the details of the entertainers' jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

68.    Defendant also controlled the entertainers' appearances with respect to their attire and makeup.

69.    Defendant disciplined the entertainers for not following club rules.

70.    Defendant tracked the time and days the entertainers worked just as is common for typical employer-employee relationships.

71.    In addition, Defendant instructed the entertainers about when, where, and how the entertainers were to perform their work.

72.    The following further facts demonstrate the entertainers' status as employees:

        a)    Defendant had the sole right to hire and fire the entertainers;

10

b)      Defendant required dancers to complete an employee application as a prerequisite to their employment;

c)      Defendant made the decision not to pay overtime;

d)      Defendant made the decision not to compensate at the FLSA minimum wage rate;

e)      Defendant provided the entertainers with music equipment and a performing stage;

f)      Defendant controlled the entertainers' music;

g)      The dancers have made no financial investment with Defendant's business;

h)      The dancers were hired as permanent employees and have worked for Defendant for years;

i)      Defendant supervised the entertainers; and

j)      Defendant scheduled entertainers and as such had sole control over their opportunity for profit.

73.     Defendant misclassified Plaintiff and Class Members as independent contractors to avoid his obligations to pay them pursuant to the FLSA and Article X, Section 24 of the Florida Constitution.

74.     Plaintiff and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA or Article X, Section 24 of the Florida Constitution.

75.     Although Plaintiff and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  In fact, they receive no compensation whatsoever from Defendant and thus, Defendant violates the minimum wage

11

requirement of the FLSA and Article X, Section 24 of the Florida Constitution.. *See* 29 U.S.C. § 206.

76.     Defendant's method of paying Plaintiff in violation of the FLSA and Article X, Section 24 of the Florida Constitution was willful and was not based on a good faith and reasonable belief that his conduct complied with the FLSA or Article X, Section 24 of the Florida Constitution.

77.     Defendant misclassified Plaintiff with the intent to avoid paying her in accordance to the FLSA and Article X, Section 24 of the Florida Constitution.

78.     Defendant has been in the exotic dancing industry for years and is familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA.

79.     Further, at all material times, Defendant has operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendant performs related activities through a unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

80.     Defendant keeps employment records for The Trap Lounge.

81.     Defendant has ultimate authority regarding hiring and firing employees at The Trap Lounge.

82.     Defendant owns and operates The Trap Lounge.

83.     Defendant created and implemented the companywide policy of misclassifying exotic entertainers as independent contractors at The Trap Lounge.

84.     Defendant operates a strip club under the assumed name "The Trap Lounge." Indeed, he advertises as such on various websites.

12

## V.      COUNT ONE: VIOLATION OF 29 U.S.C. § 207

85.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

86.     Defendant's practice of failing to pay Plaintiff and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

87.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## VI.      COUNT TWO: VIOLATION OF 29 U.S.C. § 206

88.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

89.     Defendant's practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA. 29 U.S.C. § 206. In fact, Defendant does not compensate the exotic entertainers whatsoever for any hours worked.

90.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant or Plaintiff.

91.     Defendant failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

92.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

     a)     The time of day and day of week on which the employees' work week begins;

     b)     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c)        An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d)        The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e)        The hours worked each workday and total hours worked each work week;

f)        The total daily or weekly straight time earnings or wages due for hours worked during the workday or work week, exclusive of premium overtime compensation;

g)        The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h)        The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i)        The dates, amounts, and nature of the items which make up the total additions and deductions;

j)        The total wages paid each pay period; and

k)        The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

93.     Defendant has not complied with federal law and has failed to maintain such records with respect to Plaintiff and Class Members. Because Defendant's records are inaccurate and/or inadequate, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a

matter of a just and reasonable inference." *See, e.g., Anderson v. Mt. Clemens Pottery Co.¸* 328 U.S. 680, 687 (1946).

## VII. COUNT THREE: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

94.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

95.     Plaintiff and those similarly situated employees are/were entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendant.

96.     Specifically, Plaintiff and those similarly situated employees were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

97.     Defendant willfully failed to pay Plaintiff and those similarly situated employees, minimum wages for one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

98.     Although such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bringing his claim pursuant to Article X, Section 24 of the Florida Constitution.

99.     Specifically, on February 7, 2019, Plaintiff served Defendant with a Notice pursuant to Fla. Stats. § 448.110, on behalf of herself, and those similarly situated to Plaintiff.  A copy of Plaintiff's Notice Letter is attached hereto as **EXHIBIT B**.

100.     More than 15 days have elapsed since Plaintiff's service of her Notice on Defendant, and Defendant has failed to make payment to Plaintiff.

101.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

102.    Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

103.    Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## VIII.    COLLECTIVE ACTION ALLEGATIONS

104.    As part of his regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

105.    Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.  Defendant has also denied them full compensation at the federally mandated minimum wage rate.

106.     Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as exotic entertainers under the same conditions and subject to the same violations of the FLSA.

107.    Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

108.    Defendant has classified and continues to classify Class Members as independent contractors.

109.     Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

110.     As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

111.    Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

112.    The experience of Plaintiff, with respect to her pay, is typical of the experiences of Class Members.

113.    The experience of Plaintiff, with respect to her job duties, is typical of the experiences of Class Members.

114.    The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

115.    All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

116.    All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

117.    Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

118.    The Plaintiff and the Class Members held the same job title: Dancers and/or Entertainers.

119.    The Defendant has classified all of its entertainers as independent contractors from at least January, 2012.

120.    Defendant instituted, permitted, and/or required the policy and practice of classifying all exotic entertainers at The Trap Lounge.

17

121.    Defendant instituted, permitted, and/or required the policy and practice of charging all exotic entertainers at The Trap Lounge a house fee.

122.    Defendant instituted, created, and/or permitted the policy and practice of requiring all dancers and/or exotic entertainers at The Trap Lounge to tip out the DJ.

123.    As such, the class of similarly situated Plaintiff is properly defined as follows:

**The FLSA Collective Members are all of Defendant's current and former exotic entertainers who worked at The Trap Lounge at any time during the three years before this Complaint was filed up to the present.**

## IX.    FLORIDA CLASS ACTION ALLEGATIONS

124.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

125.    Plaintiff brings her Florida Minimum Wage Claims on behalf of all persons who were employed by Defendant at any time since January 2012, to the entry of judgment in this case (the "Florida Class Period"), who were "entertainer" employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Florida Class").

126.    The persons in the Florida Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are between 100 and 200 members of the Class during the Class Period.

127.    The claims of Plaintiff are typical of the claims of the Florida Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the

18

financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

128.    The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

129.    Specifically, Defendant illegally misclassified all of his exotic entertainer employees, including Plaintiff, as independent contractors and failed to pay them minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

130.    Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members.  Accordingly, the "Florida Class Members" are properly defined as:

> **All of Defendant's current and former exotic entertainers who worked at The Trapp Lounge at any time during the five (5) years before this Complaint was filed up to the present.**

131.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

132.    Plaintiff has the same interests in this matter as all other members of the Florida class and Plaintiff's claims are typical of the Florida Class.

133.    There are questions of law and fact common to the Florida Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

      a)    whether the Defendant employed the members of the Florida Class within the meaning of Article X, Section 24 of the Florida Constitution;

> b) whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Florida Class;
>
> c) what proof of hours worked is sufficient where employers fail in their duty to maintain time records;
>
> d) whether Defendant misclassified his exotic entertainer employees as independent contractors;
>
> e) whether Defendant failed and/or refused to pay the members of the Florida Class at least the Florida Minimum Wage in one of more workweeks;
>
> f) whether Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and
>
> g) whether the Defendant should be enjoined from such violations of Article X Section 24 of the Florida Constitution in the future.

## **DAMAGES SOUGHT**

134. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

135. Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

136. Plaintiff and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken. Without repayment of such fees, Plaintiff and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

137. Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

138.    Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

## X.    JURY DEMAND

139.    Plaintiff and Class Members hereby demand trial by jury.

## PRAYER

For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a)    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b)    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

c)    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d)    Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

e)   All unpaid wages at the FLSA mandated minimum wage rate;

f)   All unpaid wage at the Florida mandated minimum wage rate;

g)   All misappropriated tips;

h)   All misappropriated funds that were labeled as fees or otherwise;

i)   An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

j)   An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

k)   Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

l)   Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Dated: December 13, 2019                    Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: (954) WORKERS
Fax: (954) 327-3013
E-mail: afrisch@forthepeople.com

*Attorney for Plaintiff & Class Members*

22

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STACEY BRADDY, Individually, and on
Behalf of All Others Similarly Situated,

      Plaintiff,

                                       Case No.

v.

JAMES T. ROBINSON d/b/a BOOBY
TRAP LOUNGE a/k/a THE TRAP
LOUNGE,

      Defendant.

_____/

## PLAINTIFF'S CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

### I.      SUMMARY

Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees. 29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering the wages rightfully earned by their employees. *See, Billingsley v. Citi Trends, Inc.*, 13-12561, 2014 WL 1199501 (11th Cir. Mar. 25, 2014).

Likewise, the citizens of Florida passed Article X, Section 24, because "[a]ll working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage

competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship." *See* Article X, Section 24(a).

1.      This case concerns an adult entertainment club which goes by the trade name of "The Trap Lounge."   The entities and employers implicated are James T. Robinson, its owner and operator ("Defendant")..

2.      Defendant has a longstanding policy of misclassifying his employees as independent contractors.

3.      Defendant required and/or permitted Plaintiff Stacey Braddy ("Plaintiff") to work as an exotic "entertainer" and/or dancer at his adult entertainment club in excess of forty (40) hours per week, but refused to compensate her at the applicable minimum wage and overtime rate.   In fact, Defendant refused to compensate Plaintiff at all for the hours she worked. Plaintiff's only compensation was in the form of tips from club patrons.

4.      Defendant's conduct violates the FLSA, which requires non-exempt employees, such as Plaintiff, to be compensated for their overtime work at a rate of one and one-half times their regular rate of pay. *See* 29 U.S.C. § 207(a).

5.      Furthermore, Defendant's practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m), violates the FLSA's minimum wage provision as does Defendant's practice of siphoning away those tips to distribute to non-tip eligible employees. *See* 29 U.S.C. §§ 203, 206.

6.      Plaintiff brings a collective action to recover the unpaid wages owed to her and all other similarly situated employees, current and former, of Defendant who worked at The Trapp Lounge in Miami, Florida, at any time during the three year period before this Complaint was filed up to the present ("Class Members").   These Class Members should be informed of the

pendency of this action and apprised of their rights to join in the manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

7. Likewise, Defendant's practice of failing to pay tipped employees at least the minimum wage each hour/week is in violation of Article X, Section 24 of the Florida Constitution.

8. Thus, Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former "entertainer" employees of the Defendant, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendant for hours/weeks of work for which they did not receive at least the Florida minimum wage, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## II.     SUBJECT MATTER JURISDICTION AND VENUE

9. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

10. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

11. This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff's FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

12. This Court also has original jurisdiction over Plaintiff's Florida Minimum Wage Claims pursuant to 28 U.S.C. § 1332(d) ("CAFA"), because there is diversity between the Defendant and at least one Plaintiff and/or member of the putative class, the amount in controversy exceeds $5,000,000.00, exclusive of interest and costs, and the putative class exceeds one hundred members in number.

3

13.     Venue is proper in the Southern District of Florida because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendant's principle place of business is located in this District.  In particular, Defendant's principle place of business is located at 14956 S River Drive, Miami, FL 33167.  Also, Plaintiff worked at Defendant's club, located at 13690 NW 7th Avenue, Miami, FL 33101 over extended periods of time.

## PARTIES AND PERSONAL JURISDICTION

14.     At all times relevant hereto, Plaintiff Stacey Braddy was an individual residing in Miami-Dade County, Florida.  Plaintiff's written consent to this action is attached hereto as **EXHIBIT A.**

15.     The Members of the FLSA Collective Action are all of Defendant's current and former exotic entertainers who worked at The Trap Lounge at any time during the three (3) years prior to the filing of this Complaint up to the present, who elect to file a consent to join in this action.

16.     The Florida Minimum Wage Claim Class Members are all of Defendant's current and former exotic entertainers who worked at The Trap Lounge at any time during the five (5) years prior to the filing of this Complaint until the present and continuing.

17.     Defendant James T. Robinson is an individual residing in Florida.  Said Defendant may be served with process at 14956 S River Drive, Miami, FL 33167 and/or 13690 NW 7th Avenue, Miami, FL 33101.  This Court has personal jurisdiction over this Defendant because he is a resident of Florida.

## III.     FLSA COVERAGE

18.     In an FLSA case, the following elements must be met.  "(1) [plaintiff] is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay [plaintiff] minimum or overtime wages." *Freeman v. Key Largo*

4

*Volunteer Fire & Rescue Dept., Inc.,* 494 Fed. Appx. 940, 942 (11th Cir. 2012) *cert. denied,* 134 S. Ct. 62, (U.S. 2013).

<u>**EMPLOYMENT RELATIONSHIP**</u>

19.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *Id.* at 942 (citing 29 U.S.C. § 203(g)). "To determine if an individual is an employee, 'we look at the economic reality of all the circumstances' surrounding the activity." *Id.* (citing *Brouwer,* 139 F.3d at 819). "We refer to this test as the 'economic reality' test." *Id.* (citing *Villarreal v. Woodham,* 113 F.3d 202, 205 (11th Cir.1997)). "The touchstone of the economic reality test is the alleged employee's economic dependence on the employer." *Id.*

20.     Here, Defendant had the power to hire and fire Plaintiff.

21.     Defendant controlled Plaintiff's work schedule.

22.     Defendant scheduled Plaintiff and other entertainers to certain shifts.

23.     Defendant required Plaintiff and other entertainers to work a certain number of days during the week.

24.     Defendant required Plaintiff and other dancers to wear certain clothing.

25.     Defendant determined the rate and the method of payment of all dancers including Plaintiff.

26.     Defendant set the price for his customers to pay dancers for "side dances" and "lap dances."

27.     Additionally, Defendant required Plaintiff and all other entertainers to pay "house fees" depending on the day and shift the dancer was working.

28.     Plaintiff and all other entertainers were required to tip out the DJ at the end of their shift.

29.     Entertainers are an integral part of Defendant's strip club.

30.     Plaintiff's and all other entertainers' job duties consisted of dancing in designated areas and performing dances for Defendant's customers at the club.  These job duties require little to no skill. [1]

31.     Defendant maintained some records regarding the time Plaintiff and all other entertainers arrived and left the club, but failed to maintain full and accurate time records in contravention of the FLSA's recordkeeping requirement.

32.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

33.     Moreover, the Fair Labor Standards Act ("FLSA") defines the term "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to any employee." 29 U.S.C. § 203(d).

34.     The statutory definition of "employer" includes corporate officers, participating shareholders, supervisors, managers, or other employees where that individual exercises some supervisory authority over employees and is responsible in whole or in part for the alleged violation. *See id*.; *Reich v. Circle C. Investments, Inc*., 998 F.2d 324, 329 (5th Cir. 1993); *Donovan v. Grim Hotel Co*., 747 F.2d 966, 971-72 (5th Cir. 1984).

---

[1] *See Freund v. Hi-Tech Satellite, Inc.,* 185 Fed. Appx. 782, 783 (11th Cir. 2006) ([C]ourts must determine whether, as a matter of economic realit[y], an individual is an employee or an independent contractor in business for himself. Several factors guide this inquiry: (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed; (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers; (4) whether the service rendered requires a special skill; (5) the degree of permanency and duration of the working relationship; (6) the extent to which the service rendered is an integral part of the alleged employer's business.") (internal citations omitted); *see also*, *Clincy v. Galardi S. Enterprises, Inc.,* 808 F. Supp. 2d 1326, 1343 (N.D. Ga. 2011) (applying economic reality test and finding exotic dancers were employees not independent contractors).

35.     Defendant James T. Robinson is the Owner of Booby Trap Lounge a/k/a The Trap Lounge.

36.     Defendant James T. Robinson is involved in the day-to-day business operation of The Trap Lounge.

37.     Defendant James T. Robinson has responsibility for the supervision of the entertainers at The Trap Lounge.

38.     Defendant James T. Robinson is responsible for the compensation or lack thereof paid to entertainers at The Trap Lounge.

39.     Defendant James T. Robinson has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

40.     Additionally, Defendant James T. Robinson was responsible for the day-to-day affairs of the club.  In particular, he was responsible for determining whether the club complied with the Fair Labor Standards Act.

41.     Defendant James T. Robinson controlled the nature, pay structure, and employment relationship of the Plaintiff and Class Members.

42.     As such, Defendant James T. Robinson is the employer of the Plaintiff and Class Members within the meaning of 3(d) of the FLSA, and are jointly, severally, and liable for all damages.

### ENTERPRISE AND INDIVIDUAL COVERAGE

43.      "The Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 207(a) (1), requires an employer to pay overtime compensation to an hourly worker if the employee can establish individual coverage or enterprise coverage." *Silver v. Dr. Neal Krouse, D.O., P.A.*, 06-60634-

7

CIV, 2007 WL 4098879 *2 (S.D. Fla. Nov. 16, 2007) (citing *Thorne v. All Restoration Svcs., Inc.,* 448 F.3d 1264, 1265 (11th Cir.2006)). "To qualify for enterprise coverage, Defendants must 'ha[ve] employees engaged in commerce or in the production of goods for commerce, or [ ] ha[ve] employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000.'" *Id.* (citing 29 U.S.C. § 203(s)(1)(A)(i) and (ii)). "The phase 'engaged in commerce' is interpreted broadly and liberally." *Id.* (citing *Alonso v. Garcia*, 147 Fed. Appx. 815, 816 (11th Cir. 2005)).

44.    At all material times, Defendant has been doing business as an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

45.    At all material times, Defendant has been doing business as an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because he has had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

46.    Specifically, Defendant's employees have sold goods—such as alcoholic beverages and a variety of foods—that have been moved or produced in interstate commerce to Defendant's patrons. Additionally, Defendant's employees, including Plaintiff, have handled materials that have been moved or produced in interstate commerce, which were used in the course of Defendant's business operations.

47.    Defendant advertises on the internet and processes credit cards from out of state patrons.

48.    Furthermore, Defendant has had, and continues to have, an annual gross business volume in excess of $500,000.00 per annum.

49.    At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

8

## WAGE VIOLATIONS

50.     Defendant misclassified Plaintiff and all other entertainers as independent contractors.

51.     Defendant failed to pay Plaintiff and all other entertainers he hires any compensation whatsoever.

52.     The money Plaintiff received directly from Defendant's customers was tips.

53.     Defendant siphoned Plaintiff's and all other entertainers' tips by requiring them to share their tips with other employees who are not eligible to participate in a tip pool.

### IV.     FACTS

54.     Plaintiff and Class Members have all been victimized by Defendant's common policy and plan to violate their rights under the FLSA and Article X, Section 24 of the Florida Constitution and by denying them minimum wage, proper overtime, and the tips they lawfully earned.

55.     Defendant operates an adult entertainment club at 13690 NW 7th Avenue, Miami, FL under the name of "The Trap Lounge."

56.     Defendant employs exotic entertainers at The Trap Lounge.

57.     Plaintiff Stacey Braddy is a former exotic entertainer at Defendant's adult entertainment club The Trap Lounge in Miami, FL.

58.     Plaintiff worked on a regular basis for Defendant's club.

59.     From approximately January, 2012 until April, 2017, Plaintiff Stacey Baddy danced at The Trap Lounge in Miami, Florida.

60.     Therefore, Plaintiff Stacey Baddy has first-hand personal knowledge of the pay violations at The Trap Lounge.

61.     All exotic entertainers including Plaintiff are compensated exclusively through

tips received from Defendant's customers.

62.     Defendant did not pay the entertainers any compensation for any hours worked at his establishment.

63.     Defendant charged the entertainers certain fees per shift worked.

64.     Defendant charged the entertainers a "house fee" depending on the time they arrive to work.

65.     Defendant also required the entertainers to share their tips with employees who do not customarily and regularly receive tips.

66.     Defendant illegally classified the entertainers as independent contractors. However, at all times, the entertainers were employees of Defendant as that term is defined by the FLSA and relevant case law.

67.     Defendant hired, fired and supervised the entertainers.  Defendant also set the schedule for the entertainers. Defendant controlled the details of the entertainers' jobs, including setting the prices to charge customers for dances and imposing limitations on how to interact with the clubs' customers.

68.     Defendant also controlled the entertainers' appearances with respect to their attire and makeup.

69.     Defendant disciplined the entertainers for not following club rules.

70.     Defendant tracked the time and days the entertainers worked just as is common for typical employer-employee relationships.

71.     In addition, Defendant instructed the entertainers about when, where, and how the entertainers were to perform their work.

72.     The following further facts demonstrate the entertainers' status as employees:

        a)      Defendant had the sole right to hire and fire the entertainers;

b) Defendant required dancers to complete an employee application as a prerequisite to their employment;

c) Defendant made the decision not to pay overtime;

d) Defendant made the decision not to compensate at the FLSA minimum wage rate;

e) Defendant provided the entertainers with music equipment and a performing stage;

f) Defendant controlled the entertainers' music;

g) The dancers have made no financial investment with Defendant's business;

h) The dancers were hired as permanent employees and have worked for Defendant for years;

i) Defendant supervised the entertainers; and

j) Defendant scheduled entertainers and as such had sole control over their opportunity for profit.

73.     Defendant misclassified Plaintiff and Class Members as independent contractors to avoid his obligations to pay them pursuant to the FLSA and Article X, Section 24 of the Florida Constitution.

74.     Plaintiff and Class Members are not exempt from the overtime and minimum wage requirements under the FLSA or Article X, Section 24 of the Florida Constitution.

75.     Although Plaintiff and Class Members are required to and do in fact frequently work more than forty (40) hours per workweek, they are not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.  In fact, they receive no compensation whatsoever from Defendant and thus, Defendant violates the minimum wage

11

requirement of the FLSA and Article X, Section 24 of the Florida Constitution.. *See* 29 U.S.C. § 206.

76.     Defendant's method of paying Plaintiff in violation of the FLSA and Article X, Section 24 of the Florida Constitution was willful and was not based on a good faith and reasonable belief that his conduct complied with the FLSA or Article X, Section 24 of the Florida Constitution.

77.     Defendant misclassified Plaintiff with the intent to avoid paying her in accordance to the FLSA and Article X, Section 24 of the Florida Constitution.

78.     Defendant has been in the exotic dancing industry for years and is familiar with the long line of federal cases holding that entertainers in this industry are employees as that term is defined by the FLSA.

79.     Further, at all material times, Defendant has operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).  That is, Defendant performs related activities through a unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc*., 410 U.S. 512, 515 (1973); *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 914–15 (9th Cir. 2003).

80.     Defendant keeps employment records for The Trap Lounge.

81.     Defendant has ultimate authority regarding hiring and firing employees at The Trap Lounge.

82.     Defendant owns and operates The Trap Lounge.

83.     Defendant created and implemented the companywide policy of misclassifying exotic entertainers as independent contractors at The Trap Lounge.

84.     Defendant operates a strip club under the assumed name "The Trap Lounge." Indeed, he advertises as such on various websites.

## V.     COUNT ONE: VIOLATION OF 29 U.S.C. § 207

85.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

86.     Defendant's practice of failing to pay Plaintiff and Class Members time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

87.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff.

## VI.     COUNT TWO: VIOLATION OF 29 U.S.C. § 206

88.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

89.     Defendant's practice of failing to pay Plaintiff and Class Members at the required minimum wage rate violates the FLSA.  29 U.S.C. § 206.  In fact, Defendant does not compensate the exotic entertainers whatsoever for any hours worked.

90.     None of the exemptions provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required minimum wage rate are applicable to Defendant or Plaintiff.

91.     Defendant failed to keep adequate records of Plaintiff's and Class Members' work hours and pay in violation of section 211(c) of the FLSA. *See* 29 U.S.C. § 211(c).

92.     Federal law mandates that an employer is required to keep for three (3) years all payroll records and other records containing, among other things, the following information:

      a)     The time of day and day of week on which the employees' work week begins;

      b)     The regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA;

c)     An explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis;

d)     The amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate";

e)     The hours worked each workday and total hours worked each work week;

f)     The total daily or weekly straight time earnings or wages due for hours worked during the workday or work week, exclusive of premium overtime compensation;

g)     The total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;

h)     The total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;

i)     The dates, amounts, and nature of the items which make up the total additions and deductions;

j)     The total wages paid each pay period; and

k)     The date of payment and the pay period covered by payment.

29 C.F.R. 516.2, 516.5.

93.     Defendant has not complied with federal law and has failed to maintain such records with respect to Plaintiff and Class Members. Because Defendant's records are inaccurate and/or inadequate, Plaintiff and Class Members can meet their burden under the FLSA by proving that they, in fact, performed work for which they were improperly compensated, and produce sufficient evidence to show the amount and extent of the work "as a

14

matter of a just and reasonable inference." *See, e.g.*, *Anderson v. Mt. Clemens Pottery Co.*¸ 328 U.S. 680, 687 (1946).

## VII.   COUNT THREE: VIOLATION OF ARTICLE X, SECTION 24 OF THE FLORIDA CONSTITUTION

94.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

95.     Plaintiff and those similarly situated employees are/were entitled to be paid at least the Florida minimum wage for each hour/week worked during employment with Defendant.

96.     Specifically, Plaintiff and those similarly situated employees were not paid the proper minimum wage, as required by Article X, Section 24 of the Florida Constitution.

97.     Defendant willfully failed to pay Plaintiff and those similarly situated employees, minimum wages for one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

98.     Although such prerequisites are unconstitutional, Plaintiff has complied with all statutory prerequisites to bringing his claim pursuant to Article X, Section 24 of the Florida Constitution.

99.     Specifically, on February 7, 2019, Plaintiff served Defendant with a Notice pursuant to Fla. Stats. § 448.110, on behalf of herself, and those similarly situated to Plaintiff.   A copy of Plaintiff's Notice Letter is attached hereto as **EXHIBIT B**.

100.     More than 15 days have elapsed since Plaintiff's service of her Notice on Defendant, and Defendant has failed to make payment to Plaintiff.

101.     As a direct and proximate result of Defendant's deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendant.

15

102.     Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida Minimum Wage, and an equal amount as liquidated damages.

103.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

## VIII.   COLLECTIVE ACTION ALLEGATIONS

104.     As part of his regular business practices, Defendant has intentionally, willfully and repeatedly harmed Plaintiff and Class Members by engaging in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

105.     Although Defendant permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty.  Defendant has also denied them full compensation at the federally mandated minimum wage rate.

106.      Class Members perform or have performed the same or similar work as Plaintiff. In particular, Plaintiff and Class Members all worked as exotic entertainers under the same conditions and subject to the same violations of the FLSA.

107.     Many Class Members regularly work or have worked in excess of forty (40) hours during a workweek.

108.     Defendant has classified and continues to classify Class Members as independent contractors.

109.      Class Members are not exempt from receiving overtime pay and/or minimum wage at the federally mandated minimum wage rate under the FLSA.

110.      As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, misclassification as independent contractors and/or the denial of overtime and minimum wage.

111.    Defendant's failure to pay overtime compensation and hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Class Members.

112.    The experience of Plaintiff, with respect to her pay, is typical of the experiences of Class Members.

113.    The experience of Plaintiff, with respect to her job duties, is typical of the experiences of Class Members.

114.    The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

115.    All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty during a workweek.

116.    All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

117.    Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a formula.  The claims of all Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Class Members.

118.    The Plaintiff and the Class Members held the same job title: Dancers and/or Entertainers.

119.    The Defendant has classified all of its entertainers as independent contractors from at least January, 2012.

120.    Defendant instituted, permitted, and/or required the policy and practice of classifying all exotic entertainers at The Trap Lounge.

121.    Defendant instituted, permitted, and/or required the policy and practice of charging all exotic entertainers at The Trap Lounge a house fee.

122.    Defendant instituted, created, and/or permitted the policy and practice of requiring all dancers and/or exotic entertainers at The Trap Lounge to tip out the DJ.

123.    As such, the class of similarly situated Plaintiff is properly defined as follows:

**The FLSA Collective Members are all of Defendant's current and former exotic entertainers who worked at The Trap Lounge at any time during the three years before this Complaint was filed up to the present.**

## IX.    FLORIDA CLASS ACTION ALLEGATIONS

124.    Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

125.    Plaintiff brings her Florida Minimum Wage Claims on behalf of all persons who were employed by Defendant at any time since January 2012, to the entry of judgment in this case (the "Florida Class Period"), who were "entertainer" employees and who have not been paid at least the applicable Florida Minimum Wage for hours/weeks worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Florida Class").

126.    The persons in the Florida Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there are between 100 and 200 members of the Class during the Class Period.

127.    The claims of Plaintiff are typical of the claims of the Florida Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the

18

financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

128.    The Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

129.    Specifically, Defendant illegally misclassified all of his exotic entertainer employees, including Plaintiff, as independent contractors and failed to pay them minimum wages as mandated by Article X, Section 24 of the Florida Constitution.

130.    Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members.  Accordingly, the "Florida Class Members" are properly defined as:

**All of Defendant's current and former exotic entertainers who worked at The Trapp Lounge at any time during the five (5) years before this Complaint was filed up to the present.**

131.    Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

132.    Plaintiff has the same interests in this matter as all other members of the Florida class and Plaintiff's claims are typical of the Florida Class.

133.    There are questions of law and fact common to the Florida Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

    a)    whether the Defendant employed the members of the Florida Class within the meaning of Article X, Section 24 of the Florida Constitution;

19

b) whether the Defendant failed to keep true and accurate time records for all hours worked by Plaintiff and members of the Florida Class;

c) what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d) whether Defendant misclassified his exotic entertainer employees as independent contractors;

e) whether Defendant failed and/or refused to pay the members of the Florida Class at least the Florida Minimum Wage in one of more workweeks;

f) whether Defendant is liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

g) whether the Defendant should be enjoined from such violations of Article X Section 24 of the Florida Constitution in the future.

## **DAMAGES SOUGHT**

134. Plaintiff and Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

135. Additionally, Plaintiff and Class Members are entitled to recover their unpaid overtime compensation.

136. Plaintiff and Class Members are also entitled to all of the misappropriated funds, including all funds that were charged as fees and penalties, and all tips that were taken. Without repayment of such fees, Plaintiff and Class Members will not have been paid minimum wage and overtime in accordance with the FLSA.

137. Plaintiff and Class members are also entitled to an amount equal to all of their unpaid wages and fees as liquidated damages. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

138.    Plaintiff and FLSA Class Members are entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b); Article X, Section 24 of the Florida Constitution.

## X.    JURY DEMAND

139.    Plaintiff and Class Members hereby demand trial by jury.

## PRAYER

For these reasons, Plaintiff and Class Members respectfully request that judgment be entered in their favor awarding the following relief:

a)    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b)    Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

c)    Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d)    Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

e)  All unpaid wages at the FLSA mandated minimum wage rate;

f)  All unpaid wage at the Florida mandated minimum wage rate;

g)  All misappropriated tips;

h)  All misappropriated funds that were labeled as fees or otherwise;

i)  An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under the FLSA;

j)  An equal amount of all owed wages and misappropriated funds and tips as liquidated damages as allowed under Article X, Section 24 of the Florida Constitution;

k)  Reasonable attorney's fees, costs and expenses of this action as provided by the FLSA; and

l)  Such other relief to which Plaintiffs and Class Members may be entitled, at law or in equity.

Dated: July 18, 2019                    Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
Morgan & Morgan, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel: (954) WORKERS
Fax: (954) 327-3013
E-mail: afrisch@forthepeople.com

*Attorney for Plaintiff & Class Members*

# EXHIBIT C

## AFFIDAVIT OF NON-SERVICE

### UNITED STATES DISTRICT COURT
Southern District of Florida

Case Number: 19-CV-22993-FAM

Plaintiff:
**STACEY BRADDY, Individually and on behalf of all others similarly situated**

vs.

Defendant:
**JAMES T. ROBINSON d/b/s BOOBY TRAP LOUNGE a/k/a THE TRAP
LOUNGE**

TPL2019152864

For:
Andrew Frisch
Morgan & Morgan. P.A. - Broward
600 North Pine Island Road
Suite 400
Plantation, FL 33324

Received by TROPICAL SURVEILLANCE & INVESTIGATIONS, INC on the 6th day of August, 2019 at 9:35 am to
be served on **JAMES T. ROBINSON, 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167**.

I, Vernon Jacobs, being duly sworn, depose and say that on the **6th day of September, 2019** at **11:47 am, I:**

**NON-SERVED** the **Summons in a Civil Action and Class/Collective Action Complaint and Demand for Jury
Trial** After due search, careful inquiry and diligent attempts as I was unable to effect service for the reasons detailed
in the comments below:

**Additional Information pertaining to this Service:**
8/13/2019  12:31 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167, no one home
8/22/2019  12:10 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167, no one here
8/23/2019  3:19 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167, no one here
9/3/2019  9:34 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167, again no one is here. I
left notice taped on gate.
9/6/2019  11:52 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167,  Then notice I left on the
gate is gone notice I left
9/6/2019  11:50 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167,  As I was leaving I met
that guy that does the lawn he said that the defendant James Robinson lives in the back house with a blue Van is
parked defendant possibly avoid in
9/6/2019  11:47 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167,  No answer at front
house or backhouse wide I was there UPS pulled up and delivered a package at the front house to someone named
Anthony Robinson there's a car at the back house with tag number BYVZ93 blue Van ram

## AFFIDAVIT OF NON-SERVICE For 19-CV-22993-FAM

I certify that I am over the age of 18, have no interest in the above action,  and am a Certified Process Server in good standing in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing Verified Return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2), Notary not required. Date: _10/4/19_ .

Subscribed and Sworn to before me on the __4__ day of __October__, __2019__ by the affiant who is personally known to me

NOTARY PUBLIC

KERI LA SALLE
Commission # GG 343342
Expires June 10, 2023
Bonded Thru Budget Notary Services

**Vernon Jacobs**
Certified Process Server #1429

**TROPICAL SURVEILLANCE & INVESTIGATIONS, INC**
P.O. Box 10961
Tampa, FL 33679
**(813) 258-8885**

Our Job Serial Number: TPL-2019152864
Ref: 9001467

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

# EXHIBIT D

<u>Florida Department of State</u>                                    DIVISION OF CORPORATIONS



Previous on List     Next on List     Return to List              Fictitious Name Search

Filing History                                                          Submit

# Fictitious Name Detail

### Fictitious Name

BOOBY TRAP LOUNGE

### Filing Information

| | |
|---|---|
| **Registration Number** | G98313000044 |
| **Status** | ACTIVE |
| **Filed Date** | 11/09/1998 |
| **Expiration Date** | 12/31/2023 |
| **Current Owners** | 1 |
| **County** | MIAMI-DADE |
| **Total Pages** | 5 |
| **Events Filed** | 4 |
| **FEI/EIN Number** | 65-0389426 |

FEI Number: 65-0389426

### Mailing Address

14956 S RIVER DR
MIAMI, FL 33167

### Owner Information

ROBINSON, JAMES T
14956 SOUTH RIVER DRIVE
MIAMI, FL 33167
**FEI/EIN Number:** NONE
**Document Number:** NONE

### Document Images

11/09/1998 -- REGISTRATION                    View image in PDF format

08/16/2018 -- Fictitious Name Renewal Filing  View image in PDF format

09/23/2013 -- Fictitious Name Renewal Filing  View image in PDF format

10/17/2008 -- RENEWAL                         View image in PDF format

11/07/2003 -- RENEWAL                         View image in PDF format

Previous on List     Next on List     Return to List              Fictitious Name Search

Filing History                                                          Submit

Florida Department of State, Division of Corporations

**Data Contained In Search Results Is Current As Of 04/26/2019 01:07 PM.**

## Search Results

**Please see our glossary of terms for an explanation of the license status shown in these search results.**

**For additional information, including any complaints or discipline, click on the name.**

| License Type | Name | Name Type | License Number/ Rank | Status/Expires |
|---|---|---|---|---|
| Cosmetology Salon | **BEAUTY TRAP HAIR LOUNGE** | Primary | CE9992851 Cosmo Salon | Null and Void, 11/30/2016 |

| | |
|---|---|
| License Location Address*: | 9713 NW 27TH AVE MIAMI, FL 33147 |
| Main Address*: | 9713 NW 27TH AVE MIAMI, FL 33147 |

| License Type | Name | Name Type | License Number/ Rank | Status/Expires |
|---|---|---|---|---|
| Retail Beverage | **BOOBY TRAP LOUNGE** | DBA | BEV2304245 2COP | Current, Active 03/31/2020 |

| | |
|---|---|
| License Location Address*: | 13690 NW 7TH AVE MIAMI, FL 33101 |
| Main Address*: | 13690 NW 7TH AVENUE MIAMI, FL 33168 |
| Mailing Address*: | 14956 S RIVER DR MIAMI, FL 331671033 |

Back    New Search

**\* denotes**
Main Address - This address is the Primary Address on file.
Mailing Address - This is the address where the mail associated with a particular license will be sent (if different from the Main or License Location addresses).
License Location Address - This is the address where the place of business is physically located.

---

**2601 Blair Stone Road, Tallahassee FL 32399** :: Email: **Customer Contact Center** :: Customer Contact Center: 850.487.1395

The State of Florida is an AA/EEO employer. **Copyright 2007-2010 State of Florida.** **Privacy Statement**

Under Florida law, email addresses are public records. If you do not want your email address released in response to a public-records request, do not send electronic mail to this entity. Instead, contact the office by phone or by traditional mail. If you have any questions, please contact 850.487.1395. *Pursuant to Section 455.275(1), Florida Statutes, effective October 1, 2012, licensees licensed under Chapter 455, F.S. must provide the Department with an email address if they have one. The emails provided may be used for official communication with the licensee. However email addresses are public record. If you do not wish to supply a personal address, please provide the Department with an email address which can be made available to the public.

# EXHIBIT E

## AMENDED RETURN OF NON-SERVICE

UNITED STATES DISTRICT COURT
SOUTHERN District of Florida

Case Number: 19-CV-22993-FAM

Plaintiff:
**STACEY BRADDY ET AL**

vs.

OJF2019015049

Defendant:
**JAMES T. ROBINSON DBA BOOBY TRAP LOUNGE A/K/A THE TRAP
LOUNGE**

For:
ANDREW R. FRISCH
MORGAN & MORGAN, P.A.
8151 PETERS ROAD
SUITE 4000
PLANTATION, FL 33324

Received by OJF SERVICES, INC. on the 25th day of September, 2019 at 1:32 pm to be served on **JAMES T.
ROBINSON D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP LOUNGE, 14956 SOUTH RIVER DRIVE, MIAMI, FL
33167.**

I, DANNY MENDEZ, do hereby affirm that on the **9th day of October, 2019** at **2:20 pm, I:**

**NON-SERVED** the **SUMMONS AND COMPLAINT** at the address of 13690 N.W. 7TH AVE, MIAMI, FL 33168
for the reason that I failed to find **JAMES T. ROBINSON D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP
LOUNGE** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
9/27/2019  11:23 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, No cars or answer at
property will keep attempting.
10/2/2019  4:30 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gate Locked no access
10/5/2019  5:33 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no
access to door no cars or answer after honking outside .
10/8/2019  8:15 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Unable to gain access to
property. Still attempting to make contact.
10/9/2019  2:20 pm  Attempted service at 13690 N.W. 7TH AVENUE, MIAMI, FL 33167, but the business was
closed.

## AMENDED RETURN OF NON-SERVICE For 19-CV-22993-FAM

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A
CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS
WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING
(DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**DANNY MENDEZ**
CPS #1265

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2019015049

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

# EXHIBIT F

| | |
|---|---|
| **From:** | octavio@ojfservices.com |
| **Sent:** | Wednesday, October 09, 2019 10:22 AM |
| **To:** | Mary Theisen x7415 |
| **Subject:** | RE: 9001467 Braddy, Stacey vs. James T. Robinson d/b/a Booby Trap Lounge a/k/a The Trap Lounge: *EXT* OJF Status on (D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP L) |
| **Importance:** | High |

it comes back to ROBINSON AIR CRANE INC.

Thanks
Octavio J. Fiol
**OJF SERVICES, INC.**
http://www.ojfservices.com/

Broward 954.929.4215
Dade 786.293.5750
Fax 786.264.5513



** We have gone paperless! Signed affidavits and invoices can be found on our website under client login. If you have any questions, please feel free to contact us.**

-------- Original Message --------
Subject: RE: 9001467 Braddy, Stacey vs. James T. Robinson d/b/a Booby
Trap Lounge a/k/a The Trap Lounge: *EXT* OJF Status on (D/B/A BOOBY TRAP
LOUNGE A/K/A THE TRAP L)
From: Mary Theisen <mtheisen@forthepeople.com>
Date: Wed, October 09, 2019 10:12 am
To: "'octavio@ojfservices.com'" <octavio@ojfservices.com>

Also, there is a blue van that parks there with tag number BYVZ93.  Can you please see if this belongs to James Robinson?  I only have until Oct. 15 to file all this evidence of avoiding service.  THANK YOU!

**Mary Theisen**
Litigation Paralegal

**P:** (954) 318-0268

1

**F:** (954) 327-3013
**A:** 8151 Peters Road, 4th Floor, Plantation, FL 33324

**MORGAN & MORGAN**
FOR THE **PEOPLE**.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | RESULTS

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** Mary Theisen x7415
**Sent:** Wednesday, October 09, 2019 9:56 AM
**To:** 'octavio@ojfservices.com'
**Subject:** RE: 9001467 Braddy, Stacey vs. James T. Robinson d/b/a Booby Trap Lounge a/k/a The Trap Lounge: *EXT* OJF Status on (D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP L)

Try serving him at the lounge: 13690 NW 7TH AVE, MIAMI FL 33101

**Mary Theisen**
Litigation Paralegal

**P:** (954) 318-0268
**F:** (954) 327-3013
**A:** 8151 Peters Road, 4th Floor, Plantation, FL 33324

**MORGAN & MORGAN**
FOR THE **PEOPLE**.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | RESULTS

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** octavio@ojfservices.com [mailto:octavio@ojfservices.com]
**Sent:** Tuesday, October 08, 2019 4:16 PM
**To:** Mary Theisen x7415
**Subject:** RE: 9001467 Braddy, Stacey vs. James T. Robinson d/b/a Booby Trap Lounge a/k/a The Trap Lounge: *EXT* OJF Status on (D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP L)
**Importance:** High

Will check and advise.


Thanks
Octavio J. Fiol
**OJF SERVICES, INC.**
http://www.ojfservices.com/

Broward 954.929.4215
Dade 786.293.5750
Fax 786.264.5513





# Detail by Entity Name

Florida Limited Liability Company
ROBINSON AIR CRANE, LLC

**Filing Information**

| | |
|---|---|
| **Document Number** | L16000093328 |
| **FEI/EIN Number** | 65-0580963 |
| **Date Filed** | 05/10/2016 |
| **Effective Date** | 05/15/1995 |
| **State** | FL |
| **Status** | ACTIVE |
| **Last Event** | CONVERSION |
| **Event Date Filed** | 05/10/2016 |
| **Event Effective Date** | NONE |

**Principal Address**

14956 SOUTH RIVER DRIVE
MIAMI, FL 33167

**Mailing Address**

PO BOX 603
OPA LOCKA, FL 33054

**Registered Agent Name & Address**

ROBINSON, JAMES T, SR
14956 SOUTH RIVER DRIVE
MIAMI, FL 33167

Name Changed: 04/06/2017

Address Changed: 04/06/2017

**Authorized Person(s) Detail**

**Name & Address**

Title AMBR, PRESIDENT

ROBINSON, JAMES T, Sr.
14956 SOUTH RIVER DRIVE
MIAMI, FL 33167

Title VICE PRESIDENT

ROBINSON, ANTHONY J
14956 SOUTH RIVER DRIVE
MIAMI, FL 33167

Title VICE PRESIDENT

ROBINSON, JAMES T, Jr.
14956 SOUTH RIVER DRIVE
MIAMI, FL 33167

Title SECRETARY TREASURER

ROBINSON, PATSY S
14956 SOUTH RIVER DRIVE
MIAMI, FL 33167

**Annual Reports**

| Report Year | Filed Date |
|-------------|------------|
| 2017 | 04/06/2017 |
| 2018 | 03/13/2018 |
| 2019 | 04/03/2019 |

**Document Images**

| | |
|---|---|
| 04/03/2019 -- ANNUAL REPORT | View image in PDF format |
| 03/13/2018 -- ANNUAL REPORT | View image in PDF format |
| 04/06/2017 -- ANNUAL REPORT | View image in PDF format |
| 05/10/2016 -- Florida Limited Liability | View image in PDF format |

Florida Department of State, Division of Corporations

# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STACEY BRADDY, Individually, and on
Behalf of All Others Similarly Situated,

      Plaintiff,                        Case No.: 1:19-cv-22993-FAM

v.

JAMES T. ROBINSON d/b/a BOOBY
TRAP LOUNGE a/k/a THE TRAP
LOUNGE,

      Defendant.

_____/

## **MOTION FOR SERVICE BY PUBLICATION AND EXTENSION OF TIME TO PUBLISH WITH MEMORANDUM OF LAW IN SUPPORT THEREOF**

Plaintiff, STACEY BRADDY, pursuant to Fed. R. Civ. P. 4(e)(1) and Fla. Stat. § 49.011, hereby moves this Court for an order directing service to be made on Defendant, JAMES T ROBINSON, by publication of summons upon the grounds set forth in the declaration attached as **EHIBIT A,** Declaration of Andrew R. Frisch for Service by Publication, and to extend the deadline to serve Defendant, JAMES T ROBINSON by publication and in support thereof states:

1.      On July 18, 2019, the Plaintiff filed her Class/Collective Action Complaint and Demand for Jury Trial [D.E. 1].

2.      It appears that Defendant is intentionally dodging service. *See* EXHIBIT A.

3.      As outlined in the declaration attached hereto, Plaintiff has been unable to serve Defendant JAMES T ROBINSON, despite her best efforts and due diligence, and needs additional time to complete the publication of summons upon Mr. Robinson. *See id.*

4.      Thus, by this instant Motion, Plaintiff respectfully requests an extension of time to complete service via publication upon Mr. Robinson, pursuant to Fla. Stat. § 49.10.

Copies furnished to:

Counsel of Record

5.    Counsel for Plaintiff represents that this motion is made in good faith and not for the purpose of delay.

## **MEMORANDUM OF LAW**

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . if a request is made, before the original time or its extension expires . . . ."   Plaintiff seeks this enlargement of time prior to the expiration of the deadline to serve Defendant, JAMES T ROBINSON, and has shown good cause for the requested enlargement.  Moreover, this enlargement is sought in good faith and not for purposes of delay.

WHEREFORE, Plaintiff moves for the entry of an Order directing service to be made on Defendant, JAMES T ROBINSON, by publication of summons and extending the deadline for service to be made by publication in compliance with Fla. Stat. § 49.10.

Dated: October 10, 2019                                      Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
Tel:  (954) WORKERS
Fax:  (954) 327-3013
AFrisch@forthepeople.com

*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 10, 2019, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record and served by U S Mail to James T. Robinson, 14956 South River Drive, Miami, FL 33167.

*/s/ Andrew R. Frisch*
Andrew R. Frisch

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
**Case Number: 19-22993-CIV-MORENO**

STACEY BRADDY, individually and on behalf
of all others similarly situated,

       Plaintiff,

vs.

JAMES T. ROBINSON d/b/a Booby Trap
Lounge a/k/a The Trap Lounge,

       Defendant.

_____/

### ORDER DENYING MOTION FOR SERVICE AND DISMISSING CASE

THIS CAUSE came before the Court upon Plaintiff's Motion for Service by Publication and Extension of Time to Publish **(D.E. 7)**, filed on **October 10, 2019**. THE COURT has considered the motion, the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. On October 8, 2019, the Court issued an Order to Show Cause why the complaint in this case was not served in compliance with Federal Rule of Civil Procedure 4(m). Two days later, Plaintiff filed the instant Motion for Service by Publication. As of the date of this Order, no return of service been docketed. Therefore, it is

**ADJUDGED** that this case is DISMISSED without prejudice for failure to serve the complaint in compliance with Federal Rule of Civil Procedure 4(m). The Clerk of Court shall mark this case as CLOSED and DENY all pending motions as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this _24_ of October 2019.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE *for*
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

# EXHIBIT H

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STACEY BRADDY, Individually, and on
Behalf of All Others Similarly Situated,

      Plaintiff,                          Case No.: 1:19-cv-22993-FAM

v.

JAMES T. ROBINSON d/b/a BOOBY
TRAP LOUNGE a/k/a THE TRAP
LOUNGE,

      Defendant.

_____/

## MOTION FOR RELIEF FROM AND/OR CLARIFICATION OF ORDER DENYING MOTION FOR SERVICE AND DISMISSING CASE

Pursuant to Fed.R.Civ.Proc. 60(a) and the Local Rules for the Southern District of Florida, Plaintiff, STACEY BRADDY, ("Plaintiff") by and through undersigned counsel, seeks relief from and/or clarification of the Court's Order Denying Motion for Service and Dismissing Case [D.E. 9] and states:

1.    On July 18, 2019, the Plaintiff filed her Class/Collective Action Complaint and Demand for Jury Trial [D.E. 1], **making the deadline to serve Defendant October 16, 2019**.

2.    On October 10, 2019, six (6) days prior to the service deadline of October 16, 2019, Plaintiff filed her Motion for Service by Publication and Extension of Time to Publish, [D.E. 7].

3.    On October 8, 2019, the Court issued an Order to Show Cause Regarding Proof of Service [D.E. 6], requiring Plaintiff to Respond by October 16, 2019.

4.    Plaintiff timely filed her Response to the Order to Show Cause on October 15, 2019 [D.E. 8].

5.    Despite Plaintiff's timely Motion for Service by Publication and Extension of

Time to Publish, on October 24, 2019 the Court issued an Order Denying Motion for Service and Dismissing Case [D.E. 9] for failure to serve the Complaint in compliance with Federal Rule of Civil Procedure 4(m).

6.      Inasmuch as Plaintiff timely moved for alternate service and extension of deadline to serve, the Plaintiff respectfully requests that the Court grant relief from and clarify its Order Denying Motion for Service and Dismissing Case [D.E 9] for failure to serve the Complaint in compliance with Federal Rule of Civil Procedure 4(m).

7.      Although not entirely clear, it appears that the Court dismissed the case based on a clerical mistake and apparent miscalculation of Plaintiff's deadline to serve Defendant.

8.      Federal Rule of Civil Procedure 4(m) gives Plaintiff 90 days within which to serve a Defendant with the Complaint, which in the instant case, was October 16, 2019.

9.      Plaintiff timely filed her Motion for Service by Publication and Extension of Time to Publish on October 10, 2019 [D.E. 7] and therefore did not fail to serve the Complaint in compliance with Federal Rule of Civil Procedure 4(m).

10.     Thus, to the extent the Court dismissed the case based on a miscalculation of the deadline for Plaintiff to serve the Complaint, Plaintiff respectfully moves for relief from the Court's Order dismissing the case, or in the alternative, for an Order clarifying that Plaintiff's time to serve Defendant is extended so that she may serve Defendant by publication.

WHEREFORE, Plaintiff, STACEY BRADDY, respectfully requests that this Court grant this Motion, and issue an Order Vacating its Order Denying Motion for Service [D.E. 9] and allow Plaintiff to serve Defendant by Publication.

Dated: October 29, 2019                                  Respectfully submitted,

                                                         */s/ Andrew R. Frisch*
                                                         Andrew R. Frisch
                                                         Morgan & Morgan, P.A.
                                                         8151 Peters Road, Suite 4000

Plantation, FL 33324
Tel: (954) 318-0268; Fax: (954) 27-3015
Email:  AFrisch@forthepeople.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2019, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all parties of record and was served by U S Mail to James T. Robinson, 14956 South River Drive, Miami, FL 33167.

*/s/ Andrew R. Frisch*
**Andrew R. Frisch**

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 19-22993-CIV-MORENO

STACEY BRADDY, individually and on behalf
of all others similarly situated,

        Plaintiff,

vs.

JAMES T. ROBINSON d/b/a Booby Trap
Lounge a/k/a The Trap Lounge,

        Defendant.

_____/

## ORDER DENYING MOTION FOR RELIEF AND/OR CLARIFICATION

THIS CAUSE came before the Court upon Motion for Relief and/or Clarification **(D.E.
10)**, filed on **October 29, 2019**. THE COURT has considered the motion, the pertinent portions
of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. The dismissal is without prejudice but will
require a new complaint to be filed, which will be randomly assigned to a judge, as well as payment
of a new filing fee and proper service on Defendant.

DONE AND ORDERED in Chambers at Miami, Florida, this _25_ of November 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

# EXHIBIT I

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Stacey Braddy, on behalf of herself and those
similarly situated,

_____
*Plaintiff*

v.

James T. Robinson d/b/a Booby Trap Lounge aka The Trap Lounge,
_____
*Defendant*

)
)
)
)
)
)

Civil Action No.   1:19-cv-25140-BLOOM/Louis

## WAIVER OF THE SERVICE OF SUMMONS

To:   Andrew R. Frisch
_____
      *(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from ____January 3, 2020_____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date:  January 3, 2020
_____

James T. Robinson
_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

James T. Robinson
_____
*Printed name*

14956 South River Drive
Miami, FL 33167
_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

---

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.

Print          Save As...          Reset



**First label:**

UNITED STATES POSTAL SERVICE® | www.pitneybowes.com

$6.95
US POSTAGE
01/03/2020
From 33401
Zone 2

Pitney Bowes    026W0004897290
ComBasPrice
Flat Rate Envelope    9052416736

PRIORITY MAIL 1-DAY™

Estimated Delivery Date: 01/04/2020

0006

C052

Andrea Snyder
MORGAN AND MORGAN PA
515 N Flagler Dr, Ste 2125
West Palm Beach FL 33401-4337

JAMES T . ROBINSON
14956 S RIVER DR
MIAMI FL 33167-1033

USPS TRACKING #

9405 5098 9864 3551 6575 46

**Second label:**

UNITED STATES POSTAL SERVICE® | www.pitneybowes.com

$6.95
US POSTAGE
01/03/2020
From 33401
Zone 2

Pitney Bowes    026W0004897693
ComBasPrice
Flat Rate Envelope    9052416736

PRIORITY MAIL 1-DAY™

Estimated Delivery Date: 01/04/2020

0006

C013

Andrea Snyder
MORGAN AND MORGAN PA
515 N Flagler Dr, Ste 2125
West Palm Beach FL 33401-4337

JAMES T. ROBINSON
THE TRAP LOUNGE
13690 NW 7TH AVE
MIAMI FL 33168-2900

USPS TRACKING #

9405 5098 9864 3551 6587 27

# USPS Tracking®

FAQs ›

Track Another Package +

**Tracking Number:** 9405509898643551657546

Remove ✕

Your item was delivered in or at the mailbox at 3:16 pm on January 6, 2020 in MIAMI, FL 33167.

## ⊘ Delivered

January 6, 2020 at 3:16 pm
Delivered, In/At Mailbox
MIAMI, FL 33167

**Get Updates** ⌄



---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

**January 6, 2020, 3:16 pm**
Delivered, In/At Mailbox
MIAMI, FL 33167
Your item was delivered in or at the mailbox at 3:16 pm on January 6, 2020 in MIAMI, FL 33167.

**January 6, 2020, 7:22 am**
Out for Delivery
MIAMI, FL 33167

**January 6, 2020, 7:11 am**
Arrived at Post Office
MIAMI, FL 33168

**January 5, 2020, 3:53 am**
Arrived at USPS Regional Facility
OPA LOCKA FL DISTRIBUTION CENTER

---

**January 4, 2020, 6:34 pm**
Departed Post Office
FORT LAUDERDALE, FL 33324

---

**January 4, 2020, 11:05 am**
USPS picked up item
FORT LAUDERDALE, FL 33324

---

**January 3, 2020, 5:58 pm**
Shipping Label Created, USPS Awaiting Item
WEST PALM BEACH, FL 33401

---

**January 3, 2020**
Pre-Shipment Info Sent to USPS, USPS Awaiting Item



Feedback

---

**Product Information** ⌄

---

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

# EXHIBIT J

## RETURN OF NON-SERVICE

### UNITED STATES DISTRICT COURT
### SOUTHERN District of Florida

Case Number: 19-CV-25140-BB

Plaintiff:
**STACEY BRADDY ET AL**

vs.

Defendant:
**JAMES T. ROBINSON D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP LOUNGE**

For:
ANDREW R. FRISCH
MORGAN & MORGAN, P.A.
8151 PETERS ROAD
SUITE 4000
PLANTATION, FL 33324

OJF2020000105

Received by OJF SERVICES, INC. on the 3rd day of January, 2020 at 10:14 am to be served on **JAMES ROBINSON, 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167**.

I, DANNY MENDEZ, do hereby affirm that on the **25th day of February, 2020** at **7:15 pm, I:**

**NON-SERVED** the **SUMMONS AND COMPLAINT at the address of 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167** for the reason that I failed to find **JAMES ROBINSON** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
1/7/2020  6:50 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no access on this attempt will keep attempting to make contact.
1/9/2020  7:30 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no access on this attempt will keep attempting to make contact.
1/11/2020  7:18 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no access on this attempt will keep attempting to make contact.
1/13/2020  8:06 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Unable to gain entry will keep attempting to make contact.
1/14/2020  1:20 pm  Attempted service at 13690 NW 7 AVENUE, MIAMI, FL 33168, Doors locked homeless person sleeping in front of business looks vacant .
1/17/2020  9:03 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no access on this attempt will keep attempting to make contact.
1/20/2020  4:55 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, no cars, no movement will keep attempting to make contact.
2/6/2020  7:15 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no access on this attempt, no response after honking will keep attempting to make contact.
2/12/2020  12:47 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no access, no response after honking.
2/15/2020  6:38 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property, no cars or lights on will keep attempting to make contact.
2/18/2020  8:04 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gate locked no cars or lights inside property. No response after honking.
2/25/2020  7:15 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property, no access to door, no response after honking. Left contact card on gate.

## RETURN OF NON-SERVICE For 19-CV-25140-BB

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**DANNY MENDEZ**
CPS #1265

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2020000105

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

## <u>RETURN OF NON-SERVICE</u>

### UNITED STATES DISTRICT COURT
### SOUTHERN District of Florida

Case Number: 19-CV-25140-BB

Plaintiff:
**STACEY BRADDY ET AL**

vs.

Defendant:
**JAMES T. ROBINSON D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP
LOUNGE**



OJF2020000105

For:
ANDREW R. FRISCH
MORGAN & MORGAN, P.A.
8151 PETERS ROAD
SUITE 4000
PLANTATION, FL 33324

Received by OJF SERVICES, INC. on the 3rd day of January, 2020 at 10:14 am to be served on **JAMES
ROBINSON, 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167**.

I, RAMON LOPEZ, do hereby affirm that on the **30th day of January, 2020** at **12:50 pm, I:**

**NON-SERVED** the **SUMMONS AND COMPLAINT** at the address of **14956 SOUTH RIVER DRIVE, MIAMI, FL
33167** for the reason that I failed to find **JAMES ROBINSON** or any information to allow further search.  Read the
comments below for further details.

**Additional Information pertaining to this Service:**
1/23/2020  8:00 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167 and waited until 9am.
The residence sits back from the gate, no movement, no lights. No cars.
1/25/2020  7:00 am  Attempted Service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, until 8:00am. There has
been no change. No movement inside. Gate closed and locked. No cars.
1/27/2020  8:00 am  Attempted Service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, but unable to gain
access through gate. No cars or lights. Honked horn, but there was no movement.
1/30/2020  12:50 pm  Attempted Service at 13690 NW 7 AVENUE, MIAMI, FL 33168, but was advised that the
company closed 6 months prior.

## RETURN OF NON-SERVICE For 19-CV-25140-BB

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**RAMON LOPEZ**
CPS #40

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2020000105

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

# EXHIBIT K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

STACEY BRADDY, Individually, and on       Case 1:19-cv-25140-XXXX
Behalf of All Others Similarly Situated,

Plaintiff,

v.

JAMES T. ROBINSON d/b/a BOOBY
TRAP LOUNGE a/k/a THE TRAP LOUNGE,

Defendant.

## AFFIDAVIT OF DILIGENT SEARCH AND INQUIRY

I, <u>JOHANNA E. O'NEILL RIVERA, General Manager, U Got Served, LLC</u>, being sworn, certify that the following information is true:

I have made a diligent search and inquiry to discover the current residence of JAMES T. ROBINSON d/b/a BOOBY TRAP LOUNGE a/k/a THE TRAP LOUNGE who is approximately 71 years old. The following information is a true and accurate representation of the search and inquiry of the subject person's current address.

## LAST KNOWN ADDRESS FOR 14956 S RIVER DR, MIAMI, FL 33167-1033, MIAMI-DADE

X     **Inquiry of Social Security Information.**
266-92-xxxx issued in Florida between 1/1/1964 and 12/31/1965

X     **Military Status -** (None Found)

X     **Telephone listings in the last known locations of Defendant's residence.**
305-302-9696 - I spoke with James Robinson and he stated that he is out of town for 2 weeks. I called him at 305-302-9696.   I told him that we can serve anyone leaving at the three houses and he stated that no one was leaving at the houses.

X     **Statewide directory assistance search.**
Defendant's name and business was located.   However, no new information was located.

X     **Internet people finder search:**  Ancentry.com, Google, Clustrmaps.com Ancenstry, Miami-dadeclerk.com, Broward County Clerk of Court, White Pages, Linkedin.com, WhitePages.com, Facebook, Radaris.com, Miami County Clerk of Court, Mugshots.com, Intelligator.com; Instantcheckmate.com; Jailbased.com

X_____**Voter registration in the area where Defendant was last known to reside.**
Name: JAMES T ROBINSON
Address: 14956 S RIVER DR, MIAMI, FL 33167-1033
DOB: 12/xx/1948 Gender: Male
Ethnicity: WHITE
Registration Date: 12/27/2000
Political Party: REPUBLICAN
State of Registration:
Florida Status: ACTIVE

X_____**Nationwide Masterfile Death search.**
(None Found)

X_____**Tax Assessor's records in area where Defendant was last known to reside.**
Owner Name: JAMES T ROBINSON
Property Address: - 14956 S RIVER DR, MIAMI, FL 33167-1033
Owner Address: PO BOX 603, OPA LOCKA, FL 33054, MIAMI-DADE COUNTY
Subdivision Name - ROBINSON ACRES
Total Market Value - $292,301
Assessed Value - $292,301 Land Value - $124,865 Improvement Value - $167,436 Land
Size - 22100 SF Year Built - 1951 Legal Description –
ROBINSON ACRES PB 169-052 T-19262 LOT 1 BLK 1 LOT SIZE 22100 SQ FT M/L
FAU 30 2123 022 1090
Data Source – B

**DEFENDANT IS ALSO THE OWNER OF THE FOLLOWING PROPERTY**
Parcel Number - 14-25-701-0065-0003 Book - 3210 Page - 2977
Owner Name: JAMES T ROBINSON
LexID: 2169044291
Property Address: - 2801 FLOTILLA TER, HUTCHINSON ISLAND, FL 34949-1531, ST.
LUCIE COUNTY
Sale Date - 07/06/2010
Sale Price - $155,000 Land Usage - SFR
Subdivision Name - CORAL COVE BEACH SEC 1 Total Market Value - $353,000
Assessed Value - $353,000
Land Value - $152,100 Improvement Value - $200,900 Land Size - 10,434 Square Feet

X_____**Department of Motor vehicle records in the state of Defendant's last known
address.**
Description: Gray 2019 Dodge Grand Caravan - Sport Van
VIN: 2C4RDGEG0KR556845
Name: JAMES THOMAS ROBINSON
Potential SSN : 266-92-xxxx
Address: 14956 S RIVER DR, MIAMI, FL 33167-1033, MIAMI-DADE COUNTY
DOB: 12/xx/1948 S
Sex: Male

Age: 71
Tag Number: LYTA23
License State: FL
Earliest Registration Date: 9/28/2019
Latest Registration Date: 9/28/2019
Expiration Date: 12/13/2020

White 1997 Dodge Ram - Club Cab Pickup VIN: 3B7MC33D4VM564683
Record Type: CURRENT
Name: JAMES THOMAS ROBINSON
Potential SSN : 266-92-xxxx
Address: 14956 S RIVER DR, MIAMI, FL 33167-1033, MIAMI-DADE COUNTY
DOB: 12/xx/1948
Sex: Male
Age: 71
Tag Number: HDMH87
License State:
FL Earliest Registration
Date: 12/22/2016
Latest Registration Date: 12/30/2018
Expiration Date: 12/31/2020

Description: White 2006 Cadillac Escalade - 4 Dr Wagon Sport Utility
VIN: 1GYEC63N36R137620
Record Type: CURRENT
Name: JAMES THOMAS ROBINSON
Potential SSN : 266-92-xxxx
Address: 14956 S RIVER DR, MIAMI, FL 33167-1033, MIAMI-DADE COUNTY
DOB: 12/xx/1948
Sex: Male
Age: 71
Tag Number: KSVL28
License State: FL
Earliest Registration Date: 12/17/2018
Latest Registration Date: 12/17/2018
Expiration Date: 12/13/2020

Green 2000 Harley-Davidson FLSTS - Road/Street
VIN: 1HD1BRY18YY048325
Record Type: CURRENT
Name: JAMES THOMAS ROBINSON
Potential SSN : 266-92-xxxx
Address: 14956 S RIVER DR, MIAMI, FL 33167-1033, MIAMI-DADE COUNTY
DOB: 12/xx/1948
Sex: Male
Age: 71
Tag Number: MFCL12
License State: FL
Earliest Registration Date: 1/23/2018
Latest Registration Date: 12/17/2018
Expiration Date: 12/13/2020

X_____ **Driver's License records search in the state of Defendant's last known**
Name: JAMES THOMAS ROBINSON
DL Number: xxxx-xxx-xx-xxx-x
State: Florida License
Address: 14956 S RIVER DR, MIAMI, FL 33167-1033, MIAMI-DADE COUNTY
DOB: 12/xx/1948
Potential SSN: 266-92-xxxx
Gender: Male
Ethnicity: WHITE
Expiration Date: 12/13/2020
Issue Date: 09/28/2012
License Type: RENEWAL
License Class: Non-Commercial –
Regular Operator License
Height: 6´02
Data Source: Governmental Restrictions:
Corrective Lenses

X_____ **Florida Department of Corrections records in the state of Defendant's last known address.**
(None Found)

X_____ **Federal Bureau of Prisons records search.**
(None Found)

X_____ **Regulatory agencies for professional or occupational licensing.**
(None Found)

X_____ **Last known employment of Defendant.**
Name: JAMES T ROBINSON
Title: PRESIDENT, TREASURER, DIRECTOR
SSN: 266-92-xxxx
Company: BISCAYNE LAKES ESTATES, INC.
FEIN: 59-1828368
Dates: Dec 5, 2016 - Jan 17, 2020

Name: JAMES T ROBINSON
Title: PRESIDENT, SECRETARY, DIRECTOR
SSN: 266-92-xxxx
Company: ROBINSON AIR CRANE, INC.
FEIN: 65-0580963
Dates: Dec 5, 2016 - Jan 17, 2020

Name: JAMES T ROBINSON Title: PRESIDENT, DIRECTOR
SSN: 266-92-xxxx
Company: JP AVIATION INVESTMENTS, INC.

FEIN: 65-0573723
Dates: Dec 5, 2016 - Jan 17, 2020

Name: JAMES T ROBINSON Title: AMBR
SSN: 266-92-xxxx Company: JP AVIATION INVESTMENTS, LLC
FEIN: 65-0573723 Dates: May 19, 2016 - Jan 17, 2020 Name: J
AMES T ROBINSON Title: AMBR SSN: 266-92-xxxx
Company: JPAV INVESTMENTS, LLC
FEIN: Dates: Apr 4, 2016 - Jan 17, 2020

Name: JAMES ROBINSON JR Title: VICE PRESIDENT
SSN: 266-92-xxxx
Company: SILVERBACK INDUSTRIES LLC
Dates: Feb 25, 2016 - Jan 17, 2020

Name: JAMES T ROBINSON Title: MEMBER MANAGER
SSN: 266-92-xxxx Company: FBOSHELLAVOPF LLC
FEIN: 51-0578381 Dates: Jul 16, 2013 - Jan 17, 2020

Name: JAMES T ROBINSON Title: MEMBER MANAGER
SSN: 266-92-xxxx Company: HELI-CRANE, LLC
FEIN: 05-0550090 Dates: Nov 4, 2009 - Jan 17, 2020

**List all additional efforts to locate the Defendant:**

A Comprehensive Advanced search was conducted via IRB on JAMES T. ROBINSON.   IRB
utilize government and non-government sources to identify an individual and provide with a
comprehensive listing of addresses on the subject; in this case, JAMES T. ROBINSON, Web
searches were also conducted as well as local searches of property and tax records, social
networking sites, etc.   There were no social sites found with information on the Defendant for
effectuating service.

**Attempts to serve process with a certified process server and results:**

**THE PROPERTY AT 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167 HAS A PRIVATE
GATE WHICH DOES NOT HAVE AN INTERCOM.**

**SERVICE ATTEMPTS BY PROCESS SERVER, VERNON JACOBS**

8/13/2019 at 12:31 pm Service was attempted by Process Server, Vernon Jacobs at 14956
SOUTH RIVER DRIVE, MIAMI, FL   33167; no one was home.

8/22/2019 at 12:10 pm Service was attempted by Process Server, Vernon Jacobs at 14956 SOUTH RIVER DRIVE, MIAMI, FL   33167; no one was home.

8/23/2019 at 3:19 pm Service was attempted by Process Server, Vernon Jacobs at 14956 SOUTH RIVER DRIVE, MIAMI, FL   33167; no one was home.

9/3/2019 at 9:34 am Service was attempted by Process Server, Vernon Jacobs at 14956 SOUTH RIVER DRIVE, MIAMI, FL   33167; again no one was home. Server left a notice taped on the property gate.

9/6/2019 at 11:52 am Service was attempted by Process Server, Vernon Jacobs at 14956 SOUTH RIVER DRIVE, MIAMI, FL   33167; the notice the server left on the gate was gone. Server spoke with the person who does the lawn and he confirmed that Defendant lives at the house in the back.

## SERVICE ATTEMPTS BY PROCESS SERVER, DANNY MENDEZ

9/27/2019 11:23 am Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; there was no cars or answer at property.

10/2/2019 4:30 pm Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gate was locked no access.

10/5/2019 5:33 pm Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gate was closed no cars or answer at property, no cars or answer after honking outside.

10/8/2019 8:15 am Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; server was unable to gain access to property.

10/9/2019 2:20 pm Service attempted by Process Server, Danny Mendez at 13690 N.W. 7TH AVENUE, MIAMI, FL 33167, business was closed.

1/7/2020 6:50 pm Service attempted by Process Server, Danny Mendez, at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gated property, no access on this attempt.

1/9/2020 7:30 am Service attempted by Process Server, Danny Mendez, at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gated property no access.

1/11/2020 7:18 pm Service attempted by Process Server, Danny Mendez, at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gated property no access.

1/13/2020 8:06 pm Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; unable to gain access.

1/14/2020 1:20 pm Service attempted by Process Server, Danny Mendez at 13690 NW 7 AVENUE, MIAMI, FL 33168; this is a business address; doors locked homeless person   was sleeping in front of business looks vacant.



1/17/2020 9:03 pm Service attempted by Process Server, Danny Mendez, at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gated property, no access.

1/20/2020 4:55 pm Service attempted by Process Server, Danny Mendez, at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gated property, no access, no cars, no movement.

2/6/2020 7:15 pm Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; unable to gain access, no response after honking.

2/12/2020 12:47 pm Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gated property, no access, no response after honking.

2/15/2020 6:38 pm Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gated property, no cars or lights on the property.

2/18/2020 8:04 pm Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gate locked, no cars or lights inside property, no response after honking.

2/25/2020 7:15 pm Service attempted by Process Server, Danny Mendez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; gated property, no access to door, no response after honking. Server left a contact card taped to the gate.

**SERVICE ATTEMPTS BY PROCESS SERVER, RAMON LOPEZ**

1/23/2020 8:00 am Service attempted by Process Server Ramon Lopez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; no one home, he waited until 9 a.m.

1/25/2020 7:00 am Service attempted by Process Server Ramon Lopez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; no movement, no lights, no cars gate was closed.

1/27/2020 8:00 am Service attempted by Process Server Ramon Lopez at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; server was unable to gain access through gate. No cars or lights. He honked the car's horn but there was no movement.

1/30/2020 12:50 pm Service attempted by Process Server Ramon Lopez at 13690 NW 7 AVENUE, MIAMI, FL 33168; server was advised that the company closed 6 months ago.

**SERVICE ATTEMPTS BY PROCESS SERVER, NATASHA CAPLAN**

2/26/2020 7:25 pm Service attempted by Process Server, Natasha Caplan at 13690 N.W. 7TH AVENUE, MIAMI, FL 33168, this is a business address and it is a strip club. Business was closed. There were no vehicles at the location.

3/4/2020 8:05 pm Service attempted by Process Server, Natasha Caplan at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167; this is a residence property with a gate that has no intercom. there is no access pass the front gate server beep the horn and no one came outside.  There was a white Ford Truck Tag BNCQ90 parked at the property.   Server left note taped to the gate to contact her.



3/7/2020 1:25 pm Service attempted by Process Server, Natasha Caplan at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167; server beep the horn, but no one came outside.

## SERVICE ATTEMPTS BY PROCESS SERVER, JORGE ESTARELLAS

2/15/2020 11:30 am; Service attempted by Process Server, Jorge Estarellas at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167; property is gated, there was a white truck parked at the property, no one came outside.

3/6/2020 10:41am; Service attempted by Process Server, Jorge Estarellas at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167; the property gate was opened.   There are three houses at the property.   A White Pick Up Truck was parked next to the first house.   No one answered. There was a Black Pick Up Truck parked in the house at the end and no one answered either.

3/6/2020 12:30 pm Service attempted by Process Server, Jorge Estarellas at 13690 N.W. 7TH AVENUE, MIAMI, FL  33168; business was closed. There was a homeless sleeping on front of the door.

3/11/2020 1:57 pm Service attempted by Process Server, Jorge Estarellas at 13690 N.W. 7TH AVENUE, MIAMI, FL  33168; business closed no cars at the parking lot.

3/11/2020 4:59 pm Service attempted by Process Server, Jorge Estarellas at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167; the property's gate was closed; no one came outside as server beeped his car's horn - see picture attached.

## SERVICE ATTEMPT BY PROCESS SERVER, EARL THOMAS

3/12/2020 2:34 pm Service was attempted by Process Server, Earl Thomas, at 2801 Flotilla Terrace, Hutchinson Island Florida 34949; upon server arrival the property garage door was opened with a Gray Dodge Grand Caravan inside with Florida Tag LYTA23.   Someone came to the front window, server identified himself after a few seconds the garage door was closed. Server kept knocking with no respond.   Server spoke with neighbor at 2805 Flotilla Terrace and confirmed that James Robinson lives at this address.

**THE NUMBER ON THE WALL AND MAILBOX AT 2801 FLOTILLA TERRACE, HUTCHINSON ISLAND FLORIDA 34949 HAS BEEN CHANGED FROM 2801 TO 230 (SEE PICTURES AND PROPERTY APPRAISAR SEARCH )**

X_____ a)     Defendant is avoiding service.

_____ b)     is in some state or country other than Florida and (Defendant's name) last known address is _____

_____ c)     The Defendant, _____ having residence in Florida, has been absent from Florida for more than 60 days prior to the date of this affidavit, or conceals him (her) self so that process cannot be served upon him or her, and I believe there is no person in the state upon whom service of process would bind this absent or concealed Defendant.

**I understand that I am swearing or affirming under oath to the truthfulness of the claims made in this affidavit and that the punishment for knowingly making a false statement includes fines and/or imprisonment.**

Dated: **3/12/2020**          _____
                                          Signature of Affiant


Printed Name: Johanna E. O'neill Rivera
Address: 4400 North Federal Highway,
Suite 210-9
City, State, Zip: Boca Raton, FL   33431
Phone: _____ (561) 361-7111
Facsimile: _____ (561) 948-2669

STATE OF FLORIDA

COUNTY OF PALM BEACH

The foregoing instrument was acknowledged before me on this _12_ day

of _March_ 20 _20_ by _Johanne Oneil_

Notary Public – State of Florida

RUTH AMISIAL
Commission # GG 302359
Expires March 16, 2023
Bonded Thru Budget Notary Services

Print, type or Stamp Commissioned
Name of Notary

_____PERSONALLY KNOWN

_____PRODUCED IDENTIFICATION
TYPE OF IDENTIFICATION PRODUCED_____



## Status Report
## Pursuant to Servicemembers Civil Relief Act

SSN:
Birth Date:        Dec-XX-1948
Last Name:       ROBINSON
First Name:      JAMES
Middle Name:   THOMAS
Status As Of:    Mar-12-2020
Certificate ID:   M6RJK345H9QLW49

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA 93955

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## AFFIDAVIT OF NON-SERVICE

### UNITED STATES DISTRICT COURT
### Southern District of Florida

Case Number: 19-CV-22993-FAM

Plaintiff:
**STACEY BRADDY, Individually and on behalf of all others similarly situated**

vs.

Defendant:
**JAMES T. ROBINSON d/b/s BOOBY TRAP LOUNGE a/k/a THE TRAP LOUNGE**

TPL2019152864

For:
Andrew Frisch
Morgan & Morgan. P.A. - Broward
600 North Pine Island Road
Suite 400
Plantation, FL 33324

Received by TROPICAL SURVEILLANCE & INVESTIGATIONS, INC on the 6th day of August, 2019 at 9:35 am to be served on **JAMES T. ROBINSON, 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167**.

I, Vernon Jacobs, being duly sworn, depose and say that on the **6th day of September, 2019 at 11:47 am, I:**

**NON-SERVED** the Summons in a Civil Action and Class/Collective Action Complaint and Demand for Jury Trial After due search, careful inquiry and diligent attempts as I was unable to effect service for the reasons detailed in the comments below:

**Additional Information pertaining to this Service:**
8/13/2019  12:31 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167, no one home
8/22/2019  12:10 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167, no one here
8/23/2019  3:19 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167, no one here
9/3/2019  9:34 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167, again no one is here. I left notice taped on gate.
9/6/2019  11:52 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167,  Then notice I left on the gate is gone notice I left
9/6/2019  11:50 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167,  As I was leaving I met that guy that does the lawn he said that the defendant James Robinson lives in the back house with a blue Van is parked defendant possibly avoid in
9/6/2019  11:47 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167,  No answer at front house or backhouse wide I was there UPS pulled up and delivered a package at the front house to someone named Anthony Robinson there's a car at the back house with tag number BYVZ93 blue Van ram

## AFFIDAVIT OF NON-SERVICE For 19-CV-22993-FAM

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. Under penalties of perjury, I declare that I have read the forgoing Verified Return of service and the facts stated in it are true and correct. Pursuant to F.S. 92.525(2), Notary not required. Date: _10/4/19_ .

Vernon Jacobs
Certified Process Server #1429

Subscribed and Sworn to before me on the _4_ day
of _October_, _2019_ by the affiant who is
personally known to me

_____
NOTARY PUBLIC

KERI LA SALLE
Commission # GG 343342
Expires June 10, 2023
Bonded Thru Budget Notary Services

TROPICAL SURVEILLANCE & INVESTIGATIONS, INC
P.O. Box 10961
Tampa, FL 33679
(813) 258-8885

Our Job Serial Number: TPL-2019152864
Ref: 9001467

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.1c

## AMENDED RETURN OF NON-SERVICE

### UNITED STATES DISTRICT COURT
### SOUTHERN District of Florida

Case Number: 19-CV-22993-FAM

Plaintiff:
**STACEY BRADDY ET AL**

vs.

Defendant:
**JAMES T. ROBINSON DBA BOOBY TRAP LOUNGE A/K/A THE TRAP
LOUNGE**


OJF2019015049

For:
ANDREW R. FRISCH
MORGAN & MORGAN, P.A.
8151 PETERS ROAD
SUITE 4000
PLANTATION, FL 33324

Received by OJF SERVICES, INC. on the 25th day of September, 2019 at 1:32 pm to be served on **JAMES T.
ROBINSON D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP LOUNGE, 14956 SOUTH RIVER DRIVE, MIAMI, FL
33167.**

I, DANNY MENDEZ, do hereby affirm that on the **9th day of October, 2019 at 2:20 pm, I:**

**NON-SERVED the SUMMONS AND COMPLAINT at the address of 13690 N.W. 7TH AVE, MIAMI, FL 33168**
for the reason that I failed to find **JAMES T. ROBINSON D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP
LOUNGE** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
9/27/2019  11:23 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, No cars or answer at
property will keep attempting.
10/2/2019  4:30 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gate Locked no access
10/5/2019  5:33 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no
access to door no cars or answer after honking outside .
10/8/2019  8:15 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Unable to gain access to
property. Still attempting to make contact.
10/9/2019  2:20 pm  Attempted service at 13690 N.W. 7TH AVENUE, MIAMI, FL 33167, but the business was
closed.

## <u>AMENDED RETURN OF NON-SERVICE For 19-CV-22993-FAM</u>

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**DANNY MENDEZ**
CPS #1265

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2019015049

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

## RETURN OF NON-SERVICE

### UNITED STATES DISTRICT COURT
SOUTHERN District of Florida

Case Number: 19-CV-25140-BB

Plaintiff:
STACEY BRADDY ET AL

vs.

Defendant:
JAMES T. ROBINSON D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP
LOUNGE



OJF2020000105

For:
ANDREW R. FRISCH
MORGAN & MORGAN, P.A.
8151 PETERS ROAD
SUITE 4000
PLANTATION, FL 33324

Received by OJF SERVICES, INC. on the 3rd day of January, 2020 at 10:14 am to be served on JAMES
ROBINSON, 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167.

I, DANNY MENDEZ, do hereby affirm that on the 25th day of February, 2020 at 7:15 pm, I:

NON-SERVED the SUMMONS AND COMPLAINT at the address of 14956 SOUTH RIVER DRIVE, MIAMI, FL
33167 for the reason that I failed to find JAMES ROBINSON or any information to allow further search.  Read the
comments below for further details.

Additional Information pertaining to this Service:
1/7/2020  6:50 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no access
on this attempt will keep attempting to make contact.
1/9/2020  7:30 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no access
on this attempt will keep attempting to make contact.
1/11/2020  7:18 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no
access on this attempt will keep attempting to make contact.
1/13/2020  8:06 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Unable to gain entry will
keep attempting to make contact.
1/14/2020  1:20 pm  Attempted service at 13690 NW 7 AVENUE, MIAMI, FL 33168, Doors locked homeless person
sleeping in front of business looks vacant .
1/17/2020  9:03 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no
access on this attempt will keep attempting to make contact.
1/20/2020  4:55 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, no cars, no movement
will keep attempting to make contact.
2/6/2020  7:15 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no access
on this attempt, no response after honking will keep attempting to make contact.
2/12/2020  12:47 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property no
access, no response after honking.
2/15/2020  6:38 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property, no cars
or lights on will keep attempting to make contact.
2/18/2020  8:04 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gate locked no cars or
lights inside property. No response after honking.
2/25/2020  7:15 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, Gated property, no
access to door, no response after honking. Left contact card on gate.

## RETURN OF NON-SERVICE For 19-CV-25140-BB

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**DANNY MENDEZ**
CPS #1265

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2020000105

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

## **RETURN OF NON-SERVICE**

### UNITED STATES DISTRICT COURT
SOUTHERN District of Florida

Case Number: 19-CV-25140-BB

Plaintiff:
**STACEY BRADDY ET AL**

vs.



OJF2020000105

Defendant:
**JAMES T. ROBINSON D/B/A BOOBY TRAP LOUNGE A/K/A THE TRAP
LOUNGE**

For:
ANDREW R. FRISCH
MORGAN & MORGAN, P.A.
8151 PETERS ROAD
SUITE 4000
PLANTATION, FL 33324

Received by OJF SERVICES, INC. on the 3rd day of January, 2020 at 10:14 am to be served on **JAMES
ROBINSON, 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167.**

I, RAMON LOPEZ, do hereby affirm that on the **30th day of January, 2020** at **12:50 pm, I:**

**NON-SERVED** the **SUMMONS AND COMPLAINT** at the address of **14956 SOUTH RIVER DRIVE, MIAMI, FL
33167** for the reason that I failed to find **JAMES ROBINSON** or any information to allow further search.  Read the
comments below for further details.

**Additional Information pertaining to this Service:**
1/23/2020  8:00 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167 and waited until 9am.
The residence sits back from the gate, no movement, no lights. No cars.
1/25/2020  7:00 am  Attempted Service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, until 8:00am. There has
been no change. No movement inside. Gate closed and locked. No cars.
1/27/2020  8:00 am  Attempted Service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167, but unable to gain
access through gate. No cars or lights. Honked horn, but there was no movement.
1/30/2020  12:50 pm  Attempted Service at 13690 NW 7 AVENUE, MIAMI, FL 33168, but was advised that the
company closed 6 months prior.

### RETURN OF NON-SERVICE For 19-CV-25140-BB

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A CERTIFIED PROCESS SERVER, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH THE PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

**RAMON LOPEZ**
CPS #40

**OJF SERVICES, INC.**
**13727 S.W. 152nd Street**
**P.M.B. 354**
**Miami, FL 33177**
**(786) 293-5750**

Our Job Serial Number: OJF-2020000105

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1g

## **RETURN OF NON-SERVICE**

### UNITED STATES DISTRICT COURT
### Miami-Dade District of Florida

Case Number: 1:19-CV-25140-XXXX

Plaintiff:
**STACEY BRADDY, Individually, and on
Behalf of All Others Similarly Situated**

vs.

Defendant:
**JAMES T. ROBINSON d/b/a BOOBY
TRAP LOUNGE a/k/a THE TRAP
LOUNGE**

For:
Andrew Frisch, Esquire
Morgan & Morgan, P.A.
8151 Peters Road
Suite 4000
Plantation, FL 33324

Received by U Got Served, LLC on the 13th day of February, 2020 at 1:02 pm to be served on **JAMES ROBINSON d/b/a BOOBY TRAP LOUNGE a/k/a THE TRAP LOUNGE, 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167.**

I, JORGE ESTARELLAS, do hereby affirm that on the **7th day of March, 2020 at 1:25 pm, I:**

**NON-SERVED the PLAINTIFF'S CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** for the reason that I failed to find **JAMES ROBINSON d/b/a BOOBY TRAP LOUNGE a/k/a THE TRAP LOUNGE** or any information to allow further search.  Read the comments below for further details.

**Additional Information pertaining to this Service:**
2/26/2020  7:25 pm  Attempted service at 13690 N.W. 7TH AVENUE, MIAMI, FL  33168, this is the business address and it is a strip club. Business was closed.  There was no vehicles at the location.
3/4/2020  8:05 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167; This is a residence property with a gate that has no intercom. There is no acess pass the front gate I beep the horn and no one came outside.  There was a  white Ford Truck Tag BNCQ90 parked at the property.  I left a note taped to the gate to contact me.
3/7/2020  1:25 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167;  I beep the horn but no one came outside.

## RETURN OF NON-SERVICE For 1:19-CV-25140-XXXX

I certify that I am over the age of 18, have no interest in the above action, and I am a Certified Process Server, in good standing, in the Judicial Circuit in which the process was served. Pursuant to F.S. 95.525 "Under penalties of perjury", I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct" **Notary not required as per FS 92.525.**

Natasha Caplan
CPS #2327

**U Got Served, LLC**
**1279 W. Palmetto Park Road**
**Unit 273938**
**Boca Raton, FL 33427**
**(561) 361-7111**

Our Job Serial Number: AOA-2020000470
Ref: Andrew Frisch, Esquire

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c



PHOTO OF 14956 SOUTH RIVER DRIVE, MIAMI, FL 3/4/2020



PHOTO OF 14956 SOUTH RIVER DRIVE, MIAMI, FL 3/4/2020 WITH THE PROCESS SERVER'S NOTE





## **RETURN OF NON-SERVICE**

### UNITED STATES DISTRICT COURT
Miami-Dade District of Florida

Case Number: 1:19-CV-25140-XXXX

Plaintiff:
**STACEY BRADDY, Individually, and on
Behalf of All Others Similarly Situated**

vs.

Defendant:
**JAMES T. ROBINSON d/b/a BOOBY
TRAP LOUNGE a/k/a THE TRAP
LOUNGE**

For:
Andrew Frisch, Esquire
Morgan & Morgan, P.A.
8151 Peters Road
Suite 4000
Plantation, FL 33324

Received by U Got Served, LLC on the 13th day of February, 2020 at 1:02 pm to be served on **JAMES ROBINSON d/b/a
BOOBY TRAP LOUNGE a/k/a THE TRAP LOUNGE, 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167**.

I, JORGE ESTARELLAS, do hereby affirm that on the **11th day of March, 2020** at **4:59 pm, I:**

**NON-SERVED** the **PLAINTIFF'S CLASS/COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** for the
reason that I failed to find **JAMES ROBINSON d/b/a BOOBY TRAP LOUNGE a/k/a THE TRAP LOUNGE** or any information
to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
2/15/2020  11:30 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; property is gated, there was a
white truck parked in the property, no one came outside.
3/6/2020  10:41 am  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; the property gate was opened.
There are three houses the property. A White Pick Up Truck was parked next to the first house. No one answered. Another
Black Pick Up Truck was parked in the house at the end and no one answered either.- see pictures attached
3/6/2020  12:30 pm  Service was attempted at 13690 N.W. 7TH AVENUE, MIAMI, FL 33168; business was closed. There was
a homeless sleeping on front of the door.
3/11/2020  1:57 pm  Service was attempted at 13690 N.W. 7TH AVENUE, MIAMI, FL 33168; business closed no cars at the
parking lot.
3/11/2020  4:59 pm  Attempted service at 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167; the property gate was closed;  no
one came outside as I beep my horn.- see picture attached

## RETURN OF NON-SERVICE For 1:19-CV-25140-XXXX

I certify that I am over the age of 18, have no interest in the above action, and I am a Certified Process Server, in good standing, in the Judicial Circuit in which the process was served. Pursuant to F.S. 95.525 "Under penalties of perjury", I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct" **Notary not required as per FS 92.525.**

**Jorge Estarellas**
C.P.S. 1874

**U Got Served, LLC**
**4400 North Federal Highway**
**Suite 210-9**
**Boca Raton, FL 33431**
Our Job Serial Number: AOA-2020000470
Ref: Andrew Frisch, Esquire



3/11/2020 at 4:59 pm

14956 SOUTH RIVER DRIVE, MIAMI, FL  33167



3/6/2020 – 12:20 pm 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167



3/6/2020 – 12:20 pm 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167



3/6/2020 – 12:20 pm 14956 SOUTH RIVER DRIVE, MIAMI, FL  33167



3/6/2020 – 12:20 pm 14956 SOUTH RIVER DRIVE, MIAMI, FL 33167

## RETURN OF NON-SERVICE

### UNITED STATES DISTRICT COURT
Miami-Dade District of Florida

Case Number: 1:19-CV-25140-XXXX

Plaintiff:
**STACY BRADDY, et al**

vs.



EAR2020000248

Defendant:
**JAMES T. ROBINSON d/b/a BOOBY TRAP LOUNGE a/k/a THE TRAP
LOUNGE**

For:
Morgan & Morgan, P.A.
8151 Peters Road, Ste. 4000
Plantation, FL 33324

Received by UGot Served, LLC. on the 12th day of March, 2020 at 1:04 pm to be served on **James
Robinson, 2801 FLOTILLA TER,, HUTCHINSON ISLAND, FL 34949**.

I, EARL THOMAS, do hereby affirm that on the **12th day of March, 2020 at 2:34 pm, I:**

**NON-SERVED** the **Summons, Plaintiff's Class/Collective Action Complaint and Demand For Jury
Trial,** for the reason that I failed to find **James Robinson** or any information to allow further search.  Read
the comments below for further details.

**Additional Information pertaining to this Service:**
3/12/2020  2:34 pm  Attempted Service 2801 FLOTILLA TER,, HUTCHINSON ISLAND, FL 34949, UPON
ARRIVAL GARAGE DOOR OPEN WITH GRAY DODGE GRAND CARAVAN INSIDE WITH FL TAG#
LYTA23. SOMEONE CAME TO FRONT WINDOW I IDENTIFY MYSELF AFTER A FEW SECONDS HARD
THE GARAGE DOOR CLOSING. I KEPT KNOCKING WITH NO RESPOND. SPOKE WITH NEIGHBOR AT
2805 FLOTILLA TERRACE, CONFIRM THAT MR. JAMES ROBINSON DOES RESIDE AT ADDRESS.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing, in the judicial circuit in which the process was served.

**EARL THOMAS**
Process Server CPS 09-20

**UGot Served, LLC.
4400 North Federal Highway,
Suite. 210-9
Boca Raton, FL 33431
(561) 361-7111**

Our Job Serial Number: EAR-2020000248

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1k



showattachment.aspx (768×1024)

www.pstprostatus.net/asp/showattachment.aspx?BlobID=64c5d022-8572-47ec-a015-24e1236a8aca

1/2



3/12/2020 at 2:35 pm 2801 Flotilla Terrace, Hutchinson Island Florida 34949







Michelle Franklin, CFA -- Saint Lucie County Property Appraiser -- All rights reserved.

## Property Identification

| | |
|---|---|
| Site Address: | 2801 FLOTILLA TER |
| Parcel ID: | 1425-701-0065-000-3 |
| Account #: | 9010 |
| Map ID: | 14/25S |
| Use Type: | 0100 |
| Zoning: | RS-4 Count |
| City/County: | Saint Lucie County |

### Ownership

James T Robinson
14956 South River Dr
Miami, FL 33167



### Legal Description

CORAL COVE BEACH-SECTION ONE- BLK 4 LOT 1 (OR 3210-2977)

### Current Values

| | |
|---|---|
| Just/Market Value: | $353,000 |
| Assessed Value: | $353,000 |
| Exemptions: | $0 |
| Taxable Value: | $353,000 |

---

**Property taxes are subject to change upon change of ownership.**

- Past taxes are not a reliable projection of future taxes.
- The sale of a property will prompt the removal of all exemptions, assessment caps, and special classifications.

---

### Total Areas

| | |
|---|---|
| Finished/Under Air (SF): | 2,205 |
| Gross Sketched Area (SF): | 4,373 |
| Land Size (acres): | 0.24 |
| Land Size (SF): | 10,434 |

Taxes for this parcel:  SLC Tax Collector's Office ☐
Download TRIM for this parcel: Download PDF ☐

All information is believed to be correct at this time, but is subject to change and is provided without any warranty.
© Copyright 2020 Saint Lucie County Property Appraiser. All rights reserved.