**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 19-cv-25140-BLOOM/Louis**

STACEY BRADDY,

    Plaintiff,

v.

JAMES T. ROBINSON, *d/b/a Booby Trap Lounge a/k/a The Trap Lounge*,

    Defendant.

_____/

**ORDER**

**THIS CAUSE** is before the Court upon Plaintiff, Stacey Braddy's, ("Plaintiff") Renewed Motion for Service by Publication, ECF No. [9] ("Motion"). The Court has considered the Motion, the record in the case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

This lawsuit represents Plaintiff's second attempt to bring claims against Defendant for alleged violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*, and Florida law. Plaintiff initiated her first lawsuit on July 18, 2019 and was assigned case number 1:19-cv-22993-FAM (the "First Lawsuit"). The complaint in that case is identical to the Complaint filed in this case. On October 24, 2019, that court denied Plaintiff's motion for service by publication and extension of time to publish and dismissed the case without prejudice for failure to serve the complaint in compliance with Federal Rule of Civil Procedure 4(m), ECF No. [9]. On November 25, 2019, that court granted Plaintiff the right to file a new complaint that would be randomly assigned to a judge and which would require proper service on Defendant. ECF No. [11].

Plaintiff thereafter filed the operative Complaint in this Court on December 13, 2019, ECF No. [1], which generated a service deadline of March 12, 2020. On January 17, 2020, Plaintiff filed her motion for service by publication—her second motion of this type since she originally filed her complaint in the First Lawsuit—in which she alleged that service by publication was warranted because Defendant is intentionally dodging service. *See* ECF No. [7]. On January 21, 2020, the Court denied Plaintiff's motion and noted that since December 13, 2019, Plaintiff had only attempted service a handful of times and explained that the motion was procedurally and substantively deficient. *See* ECF No. [9] ("Publication Order"). Now, on the last date of the service deadline, Plaintiff has filed the Motion arguing that "[i]t appears that Defendant is intentionally dodging service" and that Plaintiff has not been able to serve Defendant despite her best efforts. *Id.* According to Plaintiff, service by publication is warranted. The Court does not agree.

First, and most importantly, Plaintiff offers no authority, and the Court is aware of none, indicating that an action to recover unpaid overtime and minimum wage under the FLSA or Florida Statutes falls within any of the case categories specified in Section 49.011, [Fla. Stat., which statute enumerates the type of actions in which service by publication may be made under Florida law]. The Court therefore finds that service by publication is unavailable in this action." *Diaz v. Glob. Dev. Consultant, Inc.*, No. 13-20729-CV, 2013 WL 12384011, at *2 (S.D. Fla. June 6, 2013) (denying motion for service by publication in FLSA case).

Second, as previously stated in the Publication Order, the Motion is entirely unclear whether Defendant remains in this state,[1] and if not, where Plaintiff intends to publish. Just like

---

[1] The Declaration of Andrew R. Frisch, ECF No. [9-1] ("Frisch Declaration"), states that Defendant "cannot be found within this state for service of summons", *see id.* at ¶¶ 2-3, yet the Affidavit of Diligent Search and Inquiry, *see id.* at Exhibit K ("Rivera Affidavit"), identified two locations where Defendant supposedly resides.

before, the Court has not been provided with a list of possible alternative geographic locations where Defendant may be if not within Florida.

Third, although Plaintiff represents that she has made a diligent effort to serve Defendant, the record indicates that only one attempt has been made to serve Defendant at 2801 Flotilla Terrace, Hutchinson Island, FL 34949, since this case commenced in the First Lawsuit. ECF No. [9-1], at Exhibit K. As noted in the Rivera Affidavit attached to the Frisch Declaration, Defendant owns that property, and according to a process server, a neighbor confirmed that Defendant lives at this address. *See id.* That process server, moreover, reported that a vehicle with tag number LYTA23 and registered with Defendant was located at that premises on the date service was attempted. *Id.* Accordingly, the record does not support Plaintiff's representation that she has been unable to effectuate service "despite her best efforts and due diligence." ECF No. [9] at ¶ 3.

Finally, the case is due to be dismissed for failure to timely serve Defendant. Federal Rule of Civil Procedure 4(m) requires service of the summons and complaint to be perfected upon defendants within 90 days after the filing of the complaint. Plaintiff, as noted, originally filed suit against Defendant on July 18, 2019, which resulted in dismissal for failure to serve. Plaintiff then filed the instant lawsuit and was required to serve Defendant by March 12, 2020. On January 13, 2020, the Court entered an Order directing Plaintiff to file proof of service within seven (7) days of perfecting service upon Defendant. *See* ECF No. [6]. The Order further stated that "[f]ailure to effectuate service of a summons and the complaint on Defendant by the stated deadline will result in dismissal without prejudice and without further notice." *Id.* To date, Plaintiff has not filed proof of service nor shown good cause for an extension of time to effect service. To be clear, over 239 days have elapsed since Plaintiff initiated suit against Defendant and Defendant has still not been served.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

Case No. 19-cv-25140-BLOOM/Louis

1. The Motion, **ECF No. [9]**, is **DENIED**;

2. The above-styled case is **DISMISSED WITHOUT PREJUDICE** for failure to timely serve. As in the First Lawsuit, Case No. 19-cv-22993-FAM, to the extent Plaintiff wishes to proceed with her case, the Court will require a new complaint to be filed, which will be randomly assigned to a judge, as well as payment of a new filing fee and proper service on Defendant;

3. Each party shall bear its own attorneys' fees and costs;

4. To the extent not otherwise disposed of, all pending motions are denied as **MOOT** and all deadlines are **TERMINATED**;

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 13, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record